Scileppi, J.
In this appeal we have been asked to determine whether the City of Albany had title to 8.5 acres of land, taken by the State of New York in 1961, for the State University campus.
The ownership of the property in question traces back to the 1686 Dongan Charter. In 1817 the city decided to divest itself of some of its property and authorized the preparation of the Van Alen map. This map set forth several “ Great Lots ” bordering along a paper street — then denominated Lydius Street and now known as Madison Avenue — and it is the title to this proposed street, which through the years has never been developed as such, that is the subject of this appeal.[1]
In 1818 the “ Great Lots ” were conveyed to several diverse grantees and the deeds executed by the city, referring to the Van Alen map, contain recitations that the lots granted were bounded by Lydius Street. By 1900, the Albany Country Club had acquired the lots through mesne conveyances and built a golf course thereon. The record reveals that the bed of Lydius Street was used by the country club as an integral part of the golf course and that tees, fairways and greens were built on the proposed street. In 1961, by filing a map, the entire Albany Country Club property, including the land involved herein, was taken by the State for development into what is now the State University of New York at Albany. In all, 301 acres were acquired by the State; however, in the ensuing condemnation proceeding, the compensation award was limited to 292.5 acres because of a concession by the country club that it did not own Lydius Street (Albany Country Club v. State of New York, 37 Misc 2d 134, 135, mod. 19 A D 2d 199, affd. 13 N Y 2d 1085).
In the instant proceeding, the city, claiming compensation for the remaining 8.5 acres, has unsuccessfully argued in the *356 courts below, that it had title to Lydius Street at the time of the taking by the State. Rejecting this contention, the Court of Claims and the majority at the Appellate Division have adopted the view that the city divested itself of title to the street when it conveyed the “ Great Lots ” and consequently, is not entitled to compensation. We disagree and conclude that the order of the Appellate Division should be reversed and the matter remanded to the Court of Claims for an assessment of damages.
It is well settled that, where a grantor divides his property into lots which border on a street or highway and executes conveyances which describe the property as abutting the street, the grant is deemed to pass the fee to the center line of the street (Bissell v. New York Cent. R. R. Co., 23 N. Y. 61; Matter of Ladue, 118 N. Y. 213; Geddes Coarse Salt Co. v. Niagara, Lockport & Ontario Power Co., 207 N. Y. 500, 503; Matter of City of New York [165th St.], 258 N. Y. 42, 50). The rule is not, however, without exceptions and is primarily one of construction. Since the grantor has chosen to divest himself of all of his interest in the adjoining land, absent a declaration in the deed, he cannot be deemed to have intended to retain title in the street. Thus, this court has said that “ where the conveyance is of a lot abutting on a highway or where the descriptive lines run to or along such highway, the presumption is of an intent on the part of the grantor to convey title to the center of the highway” (Matter of City of New York, 209 N. Y. 344, 347).
The presumption is not, however, inflexible and will yield to a showing in the deed of a contrary intent to exclude from the grant the bed of the street. Thus, when the deed describes the grant as starting at a corner of an intersection, and then running along parallel to or bounding on a street or streets to the beginning point, the grant is limited to the exterior line of the street (see, e.g., English v. Brennan, 60 N. Y. 609; White’s Bank of Buffalo v. Nichols, 64 N. Y. 65; Kings County Fire Ins. Co. v. Stevens, 87 N. Y. 287; Deering v. Reilly, 167 N. Y. 184; Matter of City of New York, 209 N. Y. 344, supra; Ann. 2 A. L. R. 6). Although the original deeds involved herein use the words bounded on Lydius Street, description is made by reference to the Van Alen map and does not contain an *357 expression of intent similar to that found in the ahove-cited eases.
Descriptions in a deed are not, however, the only mode of rebutting the presumption that the grant carries to the center line. In Graham v. Stern (168 N. Y. 517) it was observed by this court that where the original grantor is a municipality the usual rule of construction does not obtain. As the court wrote:[1] ‘ There is an obvious and a material distinction between the case of a conveyance by an individual of lands bounded upon, or by, a street and that of a similar conveyance by municipal authorities. The presumption that obtains, ordinarily, in the one case, I think, should be regarded as offset, in the other, by another presumption that the municipality would not part with the ownership and control of a public street once vested in it for the public benefit. The city was the proprietor of these common lands and they were mapped out for the municipal advantage, in their improvement by future grantees. There was an obvious purpose to subserve, when making grants of lands, in the retention of the ownership of the soil of the streets, which would be absent in the case of a grant by an individual. The municipality was vested with the fee in the soil of the streets and the trust attached that they should be held and kept open as public streets. It is, altogether, the sounder proposition, in my opinion, that the grant of title to property, bounded by, or upon, a city street, derived from the public authorities, in the absence of any more definite description, carries only to the line of the street; inasmuch as, in legal intendment, the street was held as, and should remain, a public highway.” (Graham v. Stern, 168 N. Y. 517, supra, at p. 523; see, also, People ex rel. New York Cent. & Hudson Riv. R. R. Co. v. Priest, 206 N. Y. 274, 283.)
Respondent, relying on Geddes Coarse Salt Co. v. Niagara, Lockport & Ontario Power Co. (207 N. Y. 500, supra) argues that Graham is not a viable statement of the law. We disagree. Geddes dealt with a grant by the State and this court applied the rule that the conveyance of land abutting a highway carried the fee to the center line thereof. Inasmuch as Geddes did not deal with, as here, a municipal grantor, it is inapposite. As the dissenters at the Appellate Division noted, the ‘ ‘ marked *358 distinction between a conveyance by a municipal corporation and one by the State has been recognized in case law (i.e., Paige v. Schenectady Ry. Co., 178 N. Y. 102, 111; Gere v. McChesney [84 App. Div. 39, 41]; Paige v. Schenectady Railway Co., 77 App. Div. 571) and by authorities (5 Warren’s Weed New York Beal Property [4th ed.], p. 141; 6 N. Y. Jur., Boundaries, §§ 40, 41). This difference is not a mere coincidence but based on the fact that a city is the owner in fee of the streets and holds title thereto in trust for street purposes (Paige v. Schenectady Ry. Co., 178 N. Y. 102, 111, supra) whereas the State does not own streets as such (Cheney v. Syracuse, O. & N. Y. Ry. Co., 8 App. Div. 620, affd. 158 N. Y. 739; Gere v. McChesney, supra).” (City of Albany v. State of New YorJc, 35 A D 2d 881, 882.) Thus, unlike conveyances by an individual or by the State, this trust relationship could not be extinguished merely because Lydius Street was never developed as such. It never ceased to be of importance or benefit to the people of the city and prior to its taking by the State, the city could have required the country club to remove the encroaching portions of the golf course. As stated in Gere v. McChesney (84 App. Div. 39, 41):
1‘ The reason of these distinctions is that as to an individual grantor there is no reason for presuming an intention on his part to reserve the fee in the street bounding the lands conveyed, when its control and use had ceased to be of importance or of benefit to him. * * *
“ The same reason applies to the State, which has no more interest in the streets of a city than an individual. The State does not own such streets and has no duty with reference to their care, opening, closing, construction or repair. The city, representing the public, has those burdens imposed upon it. # # #
“ But this reason may not apply to a city, where it is vested with the fee to the land in the street and on each side thereof, and conveys lands bounding them upon the street. The control of the strip of land in the street has not, as in the case of an individual and of the State, ceased to be of importance or benefit to the city. It has still the burden upon it in behalf *359 of the public of opening the street if not yet open, keeping it open, working it, repairing it, and caring for it. Apparently the city has an interest in retaining the fee of the street, and cannot be presumed to have intended to convey the same to its grantees.” (Citations omitted.)
Thus, when the city conveyed the “ Great Lots,” title to Lydius Street did not pass to the respective grantees and since there has been no showing that the city ever divested itself of the fee, it is our view that the courts below have erroneously concluded that the city did not own the 8.5 acres which is the subject of the instant claim. We note here that this result is consistent with the decision in Albany Country Club v. State of New York (37 Misc 2d 134, mod. 19 A D 2d 199, affd. 13 N Y 2d 1085, supra). To be sure, the concession made by the claimant therein and embraced by the State, effectively took the issue of Lydius Street out of that proceeding; nevertheless, the record in that ease reveals a finding that title to the street was purportedly in the city and the State’s argument to this court appears to have been based upon this assumption.
Lastly, it is argued by the State that even if title to the street remained in the city, it was of nominal value only. Although there is authority that the State may take, without compensation, municipal property held for street purposes (see 4 Nichols, Eminent Domain [3d ed.], § 15.2, subd. [2], p. 759; People v. Kerr, 27 N. Y. 188; Village of Pelham Manor v. New Rochelle Water Co., 143 N. Y. 532), we conclude that section 3 of the General Municipal Law militates against such a rationale. This section provides in relevant part that “ Where property of a municipal corporation * * * is taken in the exercise of the power of eminent domain for a purpose substantially different from that for which it is held by such municipal corporation * * * just compensation * * * shall be made in the same manner, to the same extent and subject to the same limitations as though it were private property.” There can be little doubt that the acquisition of Lydius Street by the State for development into a part of a university campus is a taking for a substantially different purpose than that for which it had been held by the city. Consequently, the 8.5 acres at issue must be treated as if it were private property *360 and just compensation awarded on this basis. The State, relying on cases such as Matter of City of New York (Decatur St.) (196 N. Y. 286); Matter of City of New York (Edgewater Road) (138 App. Div. 203, affd. 199 N. Y. 560); Matter of City of New York (West 177th St.) (135 App. Div. 520); Matter of City of New York (Northern Blvd.) (258 N. Y. 136), and Matter of City of New York (Braddock Ave.) (278 N. Y. 163) asserts that even under this standard the award should be limited to nominal damages since the city did not have title to the abutting property. Although these cases may be distinguished upon the ground that they deal with acquisitions by the sovereign for street purposes and not, as here, for an entirely different purpose, we conclude that the issue of just compensation is not now before us. Certainly, the city is entitled to compensation for the loss it suffered, but as this court stated in Heyert v. Orange & Rochland Utilities (17 N Y 2d 352, 364), “ [h]ow much that may be, in a particular case, is not within the jurisdiction of the Court of Appeals to find in the first instance.” In this regard, it cannot be said that the courts below have passed upon the issue of damages. Although the record reveals that the Court of Claims made a finding of fact that if the 8.5 acres were treated as private property, it would be worth only $1, this appears to be nothing more than surplusage since no such judgment was ever rendered by the court. It is wholly inconsistent with the decision of the Court of Claims that the city did not have title and was not considered by the Appellate Division which affirmed that determination. Consequently, we conclude that a remand is necessary so that the issue of valuation may be considered.
Accordingly, the order appealed from should be reversed and the matter remanded to the Court of Claims for a determination as to the amount of just compensation.
Chief Judge Ftjld and Judges Burke, Berg an, Breitel, Jasen and Gibson concur.
Order reversed, without costs, and case remitted to the Court of Claims for further proceedings in accordance with the opinion herein.

. The street, totally some 8.5 acres, is a strip of land 99 feet wide and 3,706.06 feet long.