■ Louis J. Modica et al., Respondents, v Donald V. Zergebel et al., Appellants.

The defendants may not appeal from the implied finding by the trial court that the plaintiffs had standing to maintain this action. After a nonjury trial, the trial court dismissed the plaintiffs' complaint, and therefore the defendants are not aggrieved by that portion of the judgment within the meaning of CPLR 5511 (see, *Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 472-473; *Del Vecchio v Nassau County,* 118 AD2d 615, 616; *Rosenberg v Rixon,* 111 AD2d 910).

The plaintiffs and the defendants each own property located at the end of a canal in East Islip. The plaintiffs commenced this action, *inter alia,* to enforce a restrictive covenant against the defendants' use of the plaintiffs' property. The defendants counterclaimed, *inter alia,* for a judgment directing that the plaintiffs remove any construction the plaintiffs had erected other than an original bulkhead on the canal.

On appeal, the defendants argue for the first time that the metes and bounds of the plaintiffs' deed indicate that the bulkhead was within the boundary of the property over which the plaintiffs had an easement, rather than within the boundary of the plaintiffs' own property. Similarly, the defendants now assert that the plaintiffs' use of the easement is excessive,

although they made no such charge at trial. Both arguments must be rejected, since an appellate court will not consider new arguments if evidence might have been presented to overcome those arguments had they been made at trial *(see, Fresh Pond Rd. Assocs. v Estate of Schacht,* 120 AD2d 561, *lv denied* 68 NY2d 802; *Orellano v Samples Tire Equip. & Supply Corp.,* 110 AD2d 757, 758).

Finally, the defendants did not object to the admission of the testimony by the plaintiffs' witness that the bulkhead was located on the plaintiffs' property. Consequently, the issue is not preserved for appellate review *(see, Glow-Brite Elec. Serv. Corp. v Frocol Rest. Corp.,* 56 AD2d 909, *lv denied* 42 NY2d 807). Weinstein, J. P., Eiber, Sullivan and Balletta, JJ., concur.