■ PETER BORDUCCI et al., Respondents, v CITY OF YONKERS, Appellant.—In an action, *inter alia,* to quiet title to real property, the defendant City of Yonkers appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Marbach, J.), entered July 8, 1987, which granted the plaintiffs' motion for summary judgment, and, *inter alia,* held that they had good title to the properties in question and that those properties were free of any easements of ingress and egress.

Ordered that the order and judgment is modified, on the law, by deleting the third through the seventh decretal paragraphs thereof and substituting therefor provisions denying those branches of the motion which were for summary judgment declaring (1) that the land in the bed of Dewey Avenue, as shown on the map of Glen Washington Park and the tax map of the City of Yonkers, is free of any easement of egress and ingress and of any other encumbrance, (2) that any and all persons other than the plaintiffs are barred from claiming any interest in the bed of Dewey Avenue as shown on those maps, (3) that the defendant be directed to remove from all maps the designation of Dewey Avenue as a street, from the rear of the plaintiffs' lots 1 and 8 to the easterly side of Noble Avenue, (4) that the defendant designate by a lot number that each one half of the land of the bed of Dewey Avenue belongs to the plaintiffs, respectively, and (5) that the defendant be enjoined from preventing the plaintiffs Peter Borducci and Frank Borducci from using their one half of the land in the

bed of Dewey Avenue as additional floor area for the improvement of their lot 1 on the above maps in compliance with the defendant's building code; as so modified, the order and judgment is affirmed, with costs to the defendant, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.

In this action the plaintiffs seek a judgment declaring (a) that the plaintiffs have good title in fee simple absolute from their respective lots to the center line of Dewey Avenue as shown on the map of Glen Washington Park and the tax map of the City of Yonkers, (b) that the land in the bed of Dewey Avenue, as shown on those maps, is free of any easement of egress and ingress and of any other encumbrance, (c) that any and all persons other than the plaintiffs are barred from claiming any interest in the bed of Dewey Avenue, as shown on those maps, (d) that the defendant be directed to remove from all maps the designation of Dewey Avenue as a street, from the rear of plaintiffs' lots 1 and 8 to the easterly side of Noble Avenue, (e) that the defendant designate by a lot number that one half of the land of the bed of Dewey Avenue belongs to the plaintiffs, respectively, and (f) that the defendant be enjoined from preventing the plaintiffs Peter Borducci and Frank Borducci from using their one half of the land in the bed of Dewey Avenue as additional floor area for the improvement of their lot 1 on the above maps in compliance with the defendant's building code.

The real property in question is shown on the map of Glen Washington Park, Yonkers, New York, made by H. H. Spindler, City Surveyor, in December 1899 and filed with the Register of Westchester County, on October 28, 1902, at volume 5, page 17, also known as map 1253. The plaintiffs Peter Borducci and Frank Borducci acquired title to lots 1, 2 and 3 in block 10 of that map by reference to that map in a deed of conveyance from John and Anne Labosky and Michael and Pearl Bybel dated February 29, 1980. The plaintiffs Charles and Theresa Bilangino acquired lots 5, 6, 7 and 8 in block 9 on the same map by reference to that map in a deed of conveyance from Mary Slechta, dated June 1, 1954, and recorded on June 3, 1954. Lots 1 in block 10 and 8 in block 9, fronting on Dewey Avenue, as shown on the map, were formerly owned in fee together with other lots on the maps by Alexander P. W. Kinnan and Charlotte O. M. Kinnan, and in their conveyances of those lots to the plaintiffs' predecessors in title, the Kinnans allegedly included title extending to the center line of Dewey Avenue.

On June 23, 1986 and August 25, 1986, respectively, the plaintiffs conveyed to one another all of their right, title and interest in and to the bed of Dewey Avenue which abutted their respective properties.

On or about September 8, 1986, the plaintiffs commenced the instant action. The attorneys for the parties, however, agreed to hold the matter in abeyance while the plaintiffs made a request through their attorneys to the Yonkers City Council to consider legislation which would discontinue that portion of Dewey Avenue which forms the basis of this action. By letter dated January 30, 1987, the plaintiffs were advised by the Rules Committee of the Yonkers City Council that it would not consider such legislation at that time. Thereafter, the defendant then served its answer in this action.

The plaintiffs then moved for summary judgment, claiming that by reason of their conveyances to one another, they owned, in fee simple absolute, the bed of Dewey Avenue abutting their respective lots to the center line of the street. They further claimed that no other person had an interest in that portion of Dewey Avenue, and that that portion of Dewey Avenue was nothing more than a "paper street". They claimed that as long as it remained on the map of the City of Yonkers, it created a cloud on their title and it prevented the Borduccis from using their one half of the land in the bed of Dewey Avenue as additional floor area for the improvement of lot 1. By order and judgment entered July 8, 1987, the plaintiffs were granted the relief sought in their complaints. This appeal ensued.

It is well settled that when an owner of property sells lots with reference to a map, which lots abut upon a street as shown on a map, the grantees are entitled to have the land shown as a street left open forever as a street or highway and this is so whether or not it is accepted by the town or municipality as a public highway (see, *White's Bank v Nichols,* 64 NY 65; *Lord v Atkins,* 138 NY 184; *Fiebelkorn v Rogacki,* 280 App Div 20, *affd* 305 NY 725). The conveyance of subdivision lots under such circumstances, in the absence of an express reservation, conveys the fee to the center of the street on which the lots abut, subject to the rights of other lot owners and their invitees to use the entire area of the street for highway purposes (see, *Bissell v New York Cent. R. R. Co.,* 23 NY 61; *Geddes Coarse Salt Co. v Niagara, Lockport & Ontario Power Co.,* 207 NY 500; *City of Albany v State of New York,* 28 NY 2d 352; *Fiebelkorn v Rogacki, supra).*

The record reveals that the Kinnans conveyed lots to the predecessors in title of the plaintiffs by reference to the lots on the filed map, and that the plaintiffs' predecessors in title subsequently conveyed the lots in the same manner to the plaintiffs. As such, the conveyance by the Kinnans included title to the center line of the street bed of Dewey Avenue, and therefore, the court was correct in declaring that the plaintiffs have good title in fee simple absolute from their respective lots to the center line of the street.

However, although the court found that no easements exist and that all other persons should be barred from claiming any interest in the bed of Dewey Avenue, the court relied on insufficient factual data in coming to that conclusion.

Furthermore, we agree with the defendant's contention that the City Council's decision not to close the portion of Dewey Avenue in question was legislative in character, and not subject to judicial scrutiny (see, General City Law § 20 [7]; § 29; *Kaskel v Impellitteri,* 306 NY 73, *rearg denied and mot to amend remittitur granted* 306 NY 609, *cert denied* 347 US 934; *Matter of Asness v City of New York,* 5 Misc 2d 779, *affd* 4 AD2d 677). Thus, the court incorrectly ordered the defendant to remove from all maps the designation of Dewey Avenue as a street, and incorrectly ordered that the street should merge with the lots belonging to the plaintiffs.

Finally, on the basis of this record, the court acted prematurely in enjoining the defendant from preventing the plaintiffs Peter Borducci and Frank Borducci from using the land in the bed of Dewey Avenue as additional floor area for the improvement of their lot. We note that there is insufficient information in the record to indicate whether (1) an application was made to the Building Department of the City of Yonkers for the improvement of lot 1 and denied because of an inadequate floor area ratio, or that (2) upon such denial by the Building Department, an area variance was sought from and denied by the Zoning Board of Appeals, or, alternatively, that (3) upon application to the Zoning Board of Appeals pursuant to General City Law §35, and a showing that the land within the mapped street was not yielding a fair return on its value to the owner, a permit allowing for building in a portion of the bed of the publicly mapped street was denied. Therefore, it cannot be said, from this record, that those plaintiffs exhausted their administrative remedies.

In view of the foregoing, those branches of the plaintiffs' motion which were for summary judgment declaring that they

have good title in fee simple absolute from their respective lots to the center line of Dewey Avenue as shown on the map of Glen Washington Park and the tax map of the City of Yonkers were properly granted, but the remainder of the motion is denied, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings. Thompson, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.