■ CHARLES H. SULLIVAN, JR., et al., Appellants, v MAX MARKOWITZ et al., Respondents, et al., Defendants. (Action No. 1.) CHARLES H. SULLIVAN, JR., et al., Appellants, v LAWRENCE ROOK et al., Respondents, et al., Defendants. (Action No. 2.) [658 NYS2d 634] —In two related actions pursuant to RPAPL article 15, *inter alia,* to determine title to certain real property, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Seidell, J.), dated December 15, 1995, which, after a joint nonjury trial, dismissed the complaints in both actions insofar as asserted against certain defendants.

Ordered that the judgment is affirmed, with one bill of costs.

It is well settled that when an owner of property sells lots with reference to a map, and those lots abut upon a street as shown on the map, the grantor has presumptively conveyed the fee to the center of the street on which the lots abut, subject to the rights of other lot owners and their invitees to use the entire area of the street for highway purposes *(see, Bissell v New York Cent. R. R. Co.,* 23 NY 61; *Van Winkle v Van Winkle,*

184 NY 193; *Geddes Coarse Salt Co. v Niagara, Lockport & Ontario Power Co.,* 207 NY 500; *City of Albany v State of New York,* 28 NY2d 352; *Fiebelkorn v Rogacki,* 280 App Div 20, *affd* 305 NY 725; *Borducci v City of Yonkers,* 144 AD2d 321). The presumption that the grantor intended to pass title to the center of the street is rebuttable by determining the intent of the parties "gathered from the description of the premises [conveyed] read in connection with the other parts of the deed, and by reference to the situation of the lands and the condition and relation of the parties to those lands and other lands in the vicinity" *(Mott v Mott,* 68 NY 246, 253). Here, we agree with the Supreme Court that the presumption should prevail. Accordingly, we affirm.

The application by the defendants Anthony L. Sbarro, Victoria Sbarro, Phyllis Rook, Lewis J. Newton, and Joyce Newton for sanctions against the plaintiffs is denied. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.