■ ARAX MINASSIAN, Appellant, v MYRON H. TEMARES et al., Respondents. [795 NYS2d 50]—

Motion by the appellant for leave to reargue appeals from (1) an order of the Supreme Court, Nassau County, dated December 3, 2001, (2) a judgment of the same court entered March 5, 2002, and (3) an order and resettled judgment (one paper) of the same court entered October 29, 2002, which were determined by decision and order of this Court dated April 21, 2003 [304 AD2d 729].

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated April 21, 2003, is recalled and vacated, and the following decision and order is substituted therefor:

In an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Davis, J.), dated December 3, 2001, as denied her motion for summary judgment on her first four causes of action and granted the defendants' cross motion for summary judgment dismissing the complaint, (2) from a judgment of the same court entered March 5, 2002, which, among other things, upon the order, dismissed the complaint, and (3) from an order and resettled judgment (one paper) of the same court entered October 29, 2002, dismissing the complaint and declaring the rights of the parties to the subject private roadway. Presiding Justice Prudenti has been substituted for former Justice Townes, and Justice Skelos has been substituted for the late Justice Altman (see 22 NYCRR 670.1 [c]).

Ordered that the appeal from the order dated December 3, 2001, is dismissed; and it is further,

Ordered that the appeal from the judgment entered March 5, 2002, is dismissed, as the judgment was superseded by the order and resettled judgment entered October 29, 2002; and it is further,

Ordered that the order and resettled judgment entered October 29, 2002, is modified, on the law, by deleting the provision thereof which declared that the plaintiff "has no right to park, or to permit cars to park, in or along the private road," and substituting therefor a provision declaring that the plaintiff has the right to use the private roadway for parking insofar as it does not interfere with the other parties' rights of ingress and egress and that the appellant is the fee owner of the subject roadway abutting her property to the center line thereof; as so

modified, the order and resettled judgment entered October 29, 2002, is affirmed insofar as appealed from, without costs or disbursements, and the order dated December 3, 2001, and the judgment entered March 5, 2002, are modified accordingly.

The appeal from the intermediate order dated December 3, 2001, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and resettled judgment entered October 29, 2002 (*see* CPLR 5501 [a] [1]).

The plaintiff is the owner of one of four parcels of property that abut a private roadway. The defendants are the owners of the other three parcels. A dispute arose between the plaintiff and the defendants Myron H. Temares and Rose L. Temares concerning parking on the roadway. The Temareses asserted that they owned that portion of the private roadway upon which the plaintiff was parking and permitting others to park, and that the plaintiff's right to use the roadway was limited to an easement for ingress and egress only, which did not include the right to use or to permit the use of the roadway for parking. The plaintiff commenced this action against the Temareses and the owners of the remaining two properties abutting the roadway to determine the rights to the roadway, and subsequently moved for summary judgment. The Temareses cross-moved for summary judgment dismissing the complaint and for a declaration that the plaintiff's right to use the roadway did not encompass the right to park or permit parking thereon. In its order and resettled judgment, the Supreme Court determined that the plaintiff "has no right to park, or to permit cars to park, in or along, the private road" and dismissed the balance of the plaintiff's complaint. We modify.

Before 1950, all of the property at issue was owned by Henry Ludtke and Augusta Ludtke. In November 1950, the Ludtkes sold a portion of the property to Joseph Eckert. Also in November 1950, the Ludtkes and Eckert, in contemplation of the further subdivision of the property which eventually created the four parcels at issue, entered into and recorded an agreement to create "a common roadway for the joint use of the parties hereto, as owners, and for each and every person who shall acquire any parcel of land created out of the two parcels now belonging to the parties hereto and above mentioned." The roadway created, shaped in a cul-de-sac, ran approximately down the middle of the then two existing properties. Accordingly, by the same agreement, each party granted to the other

"an easement and right of way over the portion of the common roadway above described belonging to them, said easement and right of way being for ingress and egress, and for the installation and maintenance of water and gas mains, electric light and telephone service. Said easement and right of way shall run with the land and shall be an appurtenance to each and every portion of the land herein referred to as being owned by the parties hereto." A corrected copy of the agreement was recorded in March 1952. By deed dated November 10, 1955, the Ludtkes sold what is now the plaintiff's property to Lawrence Gould and Adah Gould. The deed provided for the transfer, inter alia, of "all right, title and interest, if any, of the [Ludtkes] in and to any streets and roads abutting the above described premises to the center lines thereof." This provision is in every deed in the plaintiff's chain of title. At the time of this transfer, the Ludtkes possessed a fee ownership of what is now that portion of the private roadway upon which the plaintiff is parking and permitting parking. We find that provision sufficient to effect the intent of the original grantors (the Ludtkes and Eckert), as evidenced by the 1950 agreement, to grant all subsequent owners of property abutting the roadway ownership of that portion of the roadway abutting their property to the centerline, which encompasses use for all purposes, including parking, subject only to the right of the others to use the same for ingress and egress (*see generally Herman v Roberts*, 119 NY 37 [1890]; *Universal Broadcasting Corp. v Incorporated Vil. of Mineola*, 192 AD2d 518 [1993]). This intention is not limited by the recitation in each deed of the right to an easement for ingress and egress over the remainder of the private roadway, which is in addition to and consonant with, not in contradiction of, the ownership rights granted concerning that portion of the roadway abutting the property to the centerline.

The parties' remaining contentions are without merit. Prudenti, P.J., S. Miller, Ritter and Skelos, JJ., concur.