**ELLEN B. LEHRMAN, Appellant, v LAKE KATONAH CLUB, INC., Respondent. [794 NYS2d 670]—**

In an action, inter alia, for a judgment declaring that the plaintiff is the owner of certain real property, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Murphy, J.), entered January 14, 2004, which declared the defendant to be the holder of valid title in fee to the subject property.

Ordered that the judgment is affirmed, with costs.

When an owner of property sells a lot with reference to a map, and the map shows that the lot abuts upon a street, the conveyance presumptively conveys fee ownership to the center of the street on which the lot abuts, subject to the rights of other lot owners and their invitees to use the entire area of the street for highway purposes (*see Bissell v New York Cent. R.R. Co.*, 23 NY 61 [1861]; *Sullivan v Markowitz*, 239 AD2d 404, 404-405 [1997]; *Fiebelkorn v Rogacki*, 280 App Div 20, 21-22 [1952], *affd* 305 NY 725 [1953]). The presumption that the grantor intended to pass title to the center of the street can be rebutted by determining the intent of the parties "gathered from the description of the premises . . . read in connection with the other parts of the deed, and by reference to the situation of the lands and the condition and relation of the parties to those lands and other lands in the vicinity" (*Sullivan v Markowitz, supra* at 405 [internal quotation marks omitted]; *see Mott v Mott*, 68 NY 246, 253 [1877]). "[W]here there is doubt as to the intent, [it can be garnered] from the practical construction of the grantor and grantee and their successors in title" (*Matter of Ladue*, 118 NY 213, 219 [1890]). Here, we agree with the Supreme Court that the presumption was clearly rebutted by the evidence adduced at trial. Accordingly, we affirm.

The plaintiff's remaining contention is unpreserved for appellate review (*see Matter of Old Dock Assoc. v Sullivan*, 150 AD2d 695, 697 [1989]; *Modica v Zergebel*, 140 AD2d 414, 415 [1988]). Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.