■ ENVIRONMENTAL PROPERTIES, INC., Appellant, v SPM TECH, INC., Respondent. [851 NYS2d 276]—

In an action pursuant to RPAPL article 15 to compel a determination of a claim to real property, the plaintiff appeals from an order of the Supreme Court, Rockland County (Sherwood, J.), dated August 14, 2006, which granted the defendant's motion for summary judgment and denied its cross motion for summary judgment on the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff is the owner of a parcel of real property (herein-

after parcel I), which abuts a public roadway. Parcel I also is adjacent to a parcel of real property that was conveyed to the defendant by deed dated July 11, 2005, by Stephen H. Berman and Laurie Berman, which deed was recorded in the Rockland County Clerk's office on July 18, 2005, as instrument No. 2005-37249 (hereinafter parcel II). Parcel II previously had been identified as a "proposed county road" on a map entitled "Stoney Point Technical Park, Inc., Realty Subdivision," duly filed in the Rockland County Clerk's office. While parcel I was described in its chain of title with reference to the map, parcel II was not. Rockland County never accepted parcel II, or used it as a road, and in 2004 the County relinquished any right it may have had to the proposed roadway. A dispute arose between the defendant and the plaintiff concerning their interests in parcel II, resulting in this action.

The plaintiff claims that it has fee title to the centerline of parcel II and an easement over the whole of parcel II, based on the general rule that, "[w]hen an owner of property sells a lot with reference to a map, and the map shows that the lot abuts upon a street, the conveyance presumptively conveys fee ownership to the center of the street on which the lot abuts, subject to the rights of other lot owners and their invitees to use the entire area of the street for highway purposes" (*Lehrman v Lake Katonah Club, Inc.*, 18 AD3d 514, 514 [2005]; *see Bissell v New York Cent. R.R. Co.*, 23 NY 61, 64 [1861]; *Sullivan v Markowitz*, 239 AD2d 404 [1997]).

The presumption, however, that the grantor intended to pass title to the center of the street can be rebutted "by determining the intent of the parties gathered from the description of the premises [conveyed] read in connection with the other parts of the deed, and by reference to the situation of the lands and the condition and relation of the parties to those lands and other lands in the vicinity" (*Sullivan v Markowitz*, 239 AD2d at 405 [internal quotation marks omitted]; *see Mott v Mott*, 68 NY 246 [1877]). Thus, the presumption can be rebutted by a showing in the deed of a contrary intent to exclude from the grant the bed of the street (*see City of Albany v State of New York*, 28 NY2d 352, 356 [1971]).

Here, the original common grantor of parcel I and parcel II, nonparty Stoney Point Technical Park, Inc., specifically conveyed to nonparty J.R. Warren Industries of Rockland, Inc., the grantee in each parties' chain of title, by deed dated June 25, 1992, in fee simple title, two separate and distinct parcels described by metes and bounds. The grant of parcel I was limited by its metes and bounds description to the exterior line

of the "proposed county road," also known as parcel II (*see City of Albany v State of New York*, 28 NY2d 352, 356 [1971]). The grant of parcel II also used a metes and bounds description to describe the parcel being conveyed. All subsequent conveyances of the respective parcels contained the same legal descriptions used in the correction deed. Thus, the defendant made a prima facie showing that parcel II was excluded from the grant of parcel I, thereby rebutting the presumption (*see City of Albany v State of New York*, 28 NY2d 352, 356 [1971]; *Matter of City of New York*, 209 NY 344, 349 [1913]). The fact that Parcel II had not been accepted as a road by the County and that the County subsequently relinquished any right to use it as such is of no moment (*cf. Borducci v City of Yonkers*, 144 AD2d 321 [1988]; *Geddes Coarse Salt Co. v Niagara, Lockport & Ontario Power Co.*, 207 NY 500, 503 [1913]).

In opposition to the defendant's prima facie showing of entitlement to summary judgment, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment, and denied the plaintiff's cross motion for summary judgment (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Spolzino, J.P., Skelos, Florio and Dickerson, JJ., concur.