■ STANLEY ACKER FAMILY LIMITED PARTNERSHIP et al., Appellants, v DEPAULIS ENTERPRISES V, LTD., et al., Respondents, et al., Defendant. [17 NYS3d 734]—

In an action, inter alia, to quiet title to certain real property situated on a "paper" street, known as Old Orchard Lane, in the Town of Clarkstown, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Loehr, J.), dated October 29, 2013, as granted that branch of the motion of the defendants DePaulis Enterprises V, Ltd., 303-9W Co., LLC, 289 N. Route 303, LLC, Giuseppe DePaulis, and Eric Bergstol which was for summary judgment declaring that those defendants had record title to Old Orchard Lane, and, in effect, denied that branch of their cross motion which was for summary judgment declaring that they owned the bed of Old Orchard Lane abutting their respective properties to the centerline of the street.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants DePaulis Enterprises V, Ltd., 303-9W Co., LLC, 289 N. Route 303, LLC, Giuseppe DePaulis, and Eric Bergstol which was for summary judgment declaring that they have record title to Old Orchard Lane, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

This appeal arises out of a dispute between the parties over title to the bed of a "paper street" known as Old Orchard Lane in the Town of Clarkstown. The plaintiff Stanley Acker Family Limited Partnership (hereinafter Stanley Acker), is the owner of three parcels of property, referred to herein as lots 8, 9, and 10, which abuts Old Orchard Lane. The plaintiff Orchard Realty, Inc. (hereinafter Orchard Realty), is the owner of one parcel of property, referred to herein as lot 3, which abuts Old Orchard Lane. The plaintiffs assert that the conveyances of those parcels to their respective predecessors included title extending to the centerline of Old Orchard Lane. The plaintiffs commenced this action against the defendants DePaulis Enterprises V, Ltd. (hereinafter DePaulis), 303-9W Co., LLC, 289 N. Route 303, LLC, Giuseppe DePaulis, and Eric Bergstol (hereinafter collectively the defendants), upon learning that DePaulis had represented to the Town's Planning Board that it

was the fee owner of Old Orchard Lane in connection with its application to build a 300-unit residential complex. The defendants, some of whom own parcels abutting Old Orchard Lane, claim that DePaulis acquired title to the entire bed of Old Orchard Lane pursuant to a series of quitclaim deeds dated February 2007. In the complaint, the plaintiffs sought a judgment declaring that they had title to the centerline of Old Orchard Lane abutting their respective parcels and an easement over all other portions of Old Orchard Lane for purposes of ingress and egress. The plaintiffs and the defendants subsequently moved for, among other things, summary judgment declaring their respective rights to the bed of Old Orchard Lane. The Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment declaring that "record title to Old Orchard Lane is in them and not the Plaintiffs but subject to Plaintiffs' easements."

" '[W]hen an owner of property sells a lot with reference to a map, and the map shows that the lot abuts upon a street, the conveyance presumptively conveys fee ownership to the center of the street on which the lot abuts, subject to the rights of other lot owners and their invitees to use the entire area of the street for highway purposes' " (*Environmental Props., Inc. v SPM Tech, Inc.*, 48 AD3d 408, 409 [2008], quoting *Lehrman v Lake Katonah Club, Inc.*, 18 AD3d 514, 514 [2005]; *see Bissell v New York Cent. R.R. Co.*, 23 NY 61, 64 [1861]; *Bashaw v Clark*, 267 AD2d 681, 685 [1999]; *Sullivan v Markowitz*, 239 AD2d 404, 405 [1997]).

"The presumption is not, however, inflexible and will yield to a showing in the deed of a contrary intent to exclude from the grant the bed of the street" (*City of Albany v State of New York*, 28 NY2d 352, 356 [1971]). Indeed, the presumption can be rebutted " 'by determining the intent of the parties gathered from the description of the premises [conveyed] read in connection with the other parts of the deed, and by reference to the situation of the lands and the condition and relation of the parties to those lands and other lands in the vicinity' " (*Environmental Props., Inc. v SPM Tech, Inc.*, 48 AD3d at 409, quoting *Sullivan v Markowitz*, 239 AD2d at 405; *see Mott v Mott*, 68 NY 246 [1877]). Thus, the presumption can be rebutted by a showing in the deed of a contrary intent to exclude from the grant the bed of the street (*see City of Albany v State of New York*, 28 NY2d at 356).

Contrary to the Supreme Court's determination, triable issues of fact exist regarding who has record title over the bed of Old Orchard Lane. By deed dated December 13, 1930, the par-

ties' common grantor, nonparty Conger Estates, Inc. (hereinafter Conger Estates), conveyed a portion of property that it had acquired in 1929 to nonparties Solomon Caplan, Herbert Schwarz, and Lawrence Caplan. The parcel, referred to herein as lots 9 and 10, was described by metes and bounds and with reference to two maps dated February 1929 and May 1929, respectively. Old Orchard Lane is identified on the February 1929 Map by "broken hashtags" and designated as the "old railroad bed." As the defendants correctly highlight, the December 13, 1930, deed explicitly conveyed title to the centerlines of Wells and Southward Avenues, while limiting the conveyance to the "easterly line of Old Orchard Lane." The deed also granted a "right of way for all purposes of ingress and egress . . . upon the old railroad bed shown upon the plan hereinbefore first referred to, known as the Old Orchard Lane." With respect to lots 3 and 8, Conger Estates conveyed the remaining portion of property that it had acquired in 1929 to nonparties Leebert L. Lamborn and Albert G. Lamborn by deed dated April 29, 1932. The parcel was described by metes and bounds and with reference to the February 1929 and May 1929 Maps. Albert G. Lamborn ultimately became the sole owner of the property; however, the County of Rockland took title to his property due to unpaid taxes. By deed dated July 28, 1943, Alba Flohr acquired the property from the County of Rockland. On that same date, Flohr entered into a series of deeds subdividing that property, and conveyed a parcel, referred to herein as lots 3 and 8, to Harry J. Heiser and Margaret M. Heiser. The deed limited the conveyance of lot 3 as "[b]eginning at a concrete monument in the westerly right-of-way line of Old Orchard Lane at the southeast corner of the within described parcel" and as running along the "westerly line of Old Orchard Lane." The conveyance of lot 8 was limited to "an iron pin set at the southwest corner of lands of [Richard and Evelyn] Revelli and in the easterly right-of-way line of Old Orchard Lane; thence along the easterly line of Old Orchard Lane." The deed also granted a "right of access to and recess from said Parcel 1 [lot 8] over, upon and across Old Orchard Lane, 50 feet in width, extending from the southeast corner of said Parcel No. 2 [lot 3] to the northeast corner of said Parcel No. 2, for all purposes . . . of passing and repassing thereover." Based on the foregoing language, the defendants made a prima facie showing that the bed of Old Orchard Lane was excluded from the grant of lots 3, 8, 9, and 10 to the plaintiffs' predecessors (*see City of Albany v State of New York*, 28 NY2d at 356; *Monogram Dev. Co. v Natben Constr. Co.*, 253 NY 320 [1930]; *Van Winkle v Van Winkle*, 184 NY 193, 203 [1906]; *Mott*

*v Mott*, 68 NY 246 [1877]; *Town of Lake George v Landry*, 96 AD3d 1220 [2012]; *Environmental Props., Inc. v SPM Tech, Inc.*, 48 AD3d 408 [2008]).

The plaintiffs, however, raised a triable issue of fact as to whether the grantors intended to pass title to the centerline of Old Orchard Lane to the plaintiffs' predecessors. They noted that although the deed dated December 13, 1930, did not contain an explicit expression of intent to convey the bed of Old Orchard Lane along with the conveyance of lots 9 and 10, it provided that the conveyance was made "[t]ogether with the appurtenances and all the estate and rights of the party of the first part [Conger Estates] in and to said premises." They emphasized that Conger Estates had acquired the property by a deed dated February 15, 1929, "[t]ogether will all right title and interest of the party of the first part [seller], of, in and to all streets, roads and avenues running through the premises herein described or abutting said premises to the centre line thereof." Also indicative of the intent to include a conveyance of title to the centerline of the street was the fact that all deeds subsequently conveying lots 9 and 10 included a grant of either "all the right, title and interest of the parties of the first part [sellers] of, in and to the land lying in the bed of the fifty foot street, known as Old Orchard Lane, opened or proposed, in front of or adjoining said premises to the center line thereof" or "[t]ogether, with all right, title and interest, if any, of the party of the first part [seller] in and to any streets and roads abutting the above described premises to the center lines thereof" (*see Margolin v Gatto*, 70 AD3d 1014 [2010]; *Minassian v Temares*, 16 AD3d 634, 637 [2005]; *Borducci v City of Yonkers*, 144 AD2d 321 [1988]).

In addition, the plaintiffs noted that the original deed dated April 29, 1932, pursuant to which Conger Estates conveyed lots 3 and 8 to Leebert L. Lamborn and Albert G. Lamborn, provided that "the streets as shown upon the above mentioned [May 1929] map shall remain as streets and be used in common by the parties hereto, their successors and assigns, and shall, as necessary, be dedicated as public streets," and that "no building or buildings shall be placed or erected nearer than twenty-five (25) feet from the street lines as shown upon said [May 1929] map." Also indicative of the intent to include a conveyance of title to the centerline of the bed of Old Orchard Lane was the fact that in the deed dated July 28, 1943, Alba Flohr reserved an "easement and right-of-way over said Parcel No. 1 extending along the entire south line of said Parcel No. 1, 25 feet in width for free passage thereon and thereover, and

for egress and ingress therefrom, from Old Orchard Lane to State Highway No. 5002." Moreover, that deed provided that the conveyance was being made, "[t]ogether with the appurtenances and all the estate and rights of the party of the first part [seller] in and to said premises."

Finally, the defendants' chain of title does not unequivocally establish that DePaulis is the record title owner of Old Orchard Lane. The defendants asserted that, by deed dated September 4, 1982, Albert G. Lamborn conveyed the "bed and/or right of way of Old Orchard Lane" to his daughters Patricia Hammeken and Marisa Tame, which DePaulis ultimately acquired by deed dated February 20, 2007. However, the plaintiffs submitted a deed dated September 24, 1964, pursuant to which Conger Estates purportedly conveyed, without limitation, "ALL of the right, title and interest of the parties of the first part [sellers] in and to the lands lying within the bed of the roads known as Homeward Lane, (also known as Murphy's Lane), Orchard Lane, and Sherwood Road on a certain map entitled 'Conger Estates, Inc., Congers, New York, Subdivision Section One . . . May 1929.'"

Accordingly, the Supreme Court erred in granting that branch of the defendants' motion which was for summary judgment declaring that they have record title to Old Orchard Lane, and properly, in effect, denied that branch of the plaintiffs' cross motion which was for summary judgment declaring that they owned the bed of Old Orchard Lane abutting their respective properties to the centerline of the street. Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.