Marks v Gaeckle (2021 NY Slip Op 05962)





Marks v Gaeckle


2021 NY Slip Op 05962


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2018-06008
 (Index No. 621057/16)

[*1]Joyce G. Marks, et al., appellants-respondents,
v
Claire A. Gaeckle, respondent-appellant, et al., defendants.


McCarney Law, P.C., New York, NY (James G. McCarney of counsel), for appellants-respondents.
Nica B. Strunk, Southampton, NY, for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to quiet title to real property, the plaintiffs appeal, and the defendant Claire A. Gaeckle cross-appeals, from an order of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated April 12, 2018. The order, insofar as appealed from, denied those branches of the plaintiffs' cross motion which were for summary judgment on their first and second causes of action and granted that branch of the motion of the defendant Claire A. Gaeckle which was for summary judgment dismissing the third cause of action insofar as asserted against her. The order, insofar as cross-appealed from, denied those branches of the motion of the defendant Claire A. Gaeckle which were for summary judgment dismissing the first and second causes of action insofar as asserted against her and on her counterclaim.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiffs and the defendant Claire A. Gaeckle (hereinafter the defendant) own adjacent waterfront properties on Little Peconic Bay in the Town of Southampton. Between their properties lies a private road, 30 feet wide and 600 feet long, that begins at the bay and runs southeasterly to intersect with the nearest public road. The western half of the private road, ownership of which is not an issue, consists of a dirt driveway that is used by the plaintiffs and the defendant, pursuant to an easement, to access the public road. The eastern 15 feet of the private road, which directly abuts the plaintiffs' property, consists of beach and wooded area, with a small portion functioning as a turnoff from the shared dirt driveway.
The plaintiffs commenced this action to quiet title to the eastern 15-foot strip (hereinafter the disputed strip) (first cause of action), to cancel certain deeds purporting to give the defendant title to the disputed strip (second cause of action), and to recover damages for slander of title (third cause of action). The plaintiffs alleged that the conveyance of their property to their predecessors in title included a conveyance of the private road up to the centerline thereof (i.e., the eastern 15 feet of the road), and that certain deeds subsequently purporting to grant title of the disputed strip to the defendant's predecessors in title were void because the grantors had no interest to convey. Alternatively, the plaintiffs asserted that they acquired title to the disputed strip by adverse possession. The defendant answered and asserted a counterclaim to quiet title to the disputed strip. According to the defendant, the parties' common grantors retained ownership of the private road, and title to the disputed strip was subsequently transferred by quitclaim deed executed [*2]by the common grantors' heirs to the defendant's predecessor in title.
The defendant subsequently moved for summary judgment dismissing the complaint insofar as asserted against her, and on her counterclaim. The plaintiffs cross-moved, inter alia, for summary judgment on the first and second causes of action. In an order dated April 12, 2018, the Supreme Court, inter alia, denied those branches of the plaintiffs' cross motion, denied those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against her and on the counterclaim, and granted that branch of the defendant's motion which was for summary judgment dismissing the third cause of action insofar as asserted against her. The plaintiffs appeal, and the defendant cross-appeals.
The Supreme Court properly determined that triable issues of fact exist regarding who has title to the disputed strip. As a general rule, "when lands described in a conveyance are bounded by a street, highway or road, the conveyance is deemed to pass title to the center of the abutting roadway" (Bashaw v Clark, 267 AD2d 681, 685; see Margolin v Gatto, 70 AD3d 1014, 1015). The centerline presumption can be rebutted, however, by a showing that the grantor intended to limit the grant to the edge of the road (see Stanley Acker Family L.P. v DePaulis Enters. V, Ltd., 132 AD3d 657, 658; Environmental Props., Inc. v SPM Tech, Inc., 48 AD3d 408, 409; Lehrman v Lake Katonah Club, Inc., 18 AD3d 514). The intent should be construed from the "terms of the deed, read as a whole" (Mott v Mott, 68 NY 246, 252-253), and may be "gathered from the description of the premises read in connection with the other parts of the deed, and by reference to the situation of the lands and the condition and relation of the parties to those lands and other lands in the vicinity" (id. at 253; see Environmental Props., Inc. v SPM Tech, Inc., 48 AD3d at 409).
Here, the deed from the parties' common grantors conveying the plaintiffs' parcel to their predecessors in title is ambiguous as to whether the grantors intended to limit the conveyance to the edge of the private road. In particular, the metes and bounds description contained in the subject deed defines the property's boundary as the "[e]asterly line" —i.e., the outer edge—of the 30-foot private road, supporting the defendant's contention that the deed expressly excluded the disputed strip (see City of Albany v State of New York, 28 NY2d 352, 356-357; Environmental Props., Inc. v SPM Tech, Inc., 48 AD3d at 409-410). However, other language in the deed, including language granting the plaintiffs' predecessors a perpetual easement "over the lands lying to the [s]outh of the 30 foot road" so as to afford "access to and egress from said thirty foot road," but not granting such easement over the 30-foot road itself, tends to support the plaintiffs' position that the conveyance included the disputed strip.
The extrinsic evidence submitted by the parties similarly fails to resolve the question of ownership as a matter of law. The absence of any subsequent conveyance or claim of title to the disputed strip by the common grantors during their lifetimes, Surrogate's Court records in which the heirs of the common grantors asserted that the grantors did not own any real property upon their deaths, and subsequent deeds in the plaintiffs' chain of title, all tend to support the plaintiffs' claim of ownership. However, other extrinsic evidence, such as a policy insuring title to the defendant's property as well as tax maps, supports the defendant's claim of title.
Under these circumstances, neither the plaintiffs nor the defendant was entitled to summary judgment on their respective claims to title under their deeds. Similarly, triable issues of fact exist as to the plaintiffs' claim to title by adverse possession. To establish a claim of title to real property by adverse possession, a party must prove, by clear and convincing evidence, that the possession was (1) hostile and under claim of right, (2) actual, (3) open and notorious, (4) exclusive, and (5) continuous for the prescriptive period (see Yee v Panousopoulos, 176 AD3d 1142, 1144). "The character of the possession must be such 'that [it] would give the owner a cause of action in ejectment against the occupier'" (Estate of Becker v Murtagh, 19 NY3d 75, 81, quoting Brand v Prince, 35 NY2d 634, 636). Here, in light of the conflicting affidavits submitted by the plaintiffs and the defendant, triable issues of fact exist as to whether the plaintiffs' predecessors possessed the disputed strip in a manner sufficient to establish ownership by adverse possession (see Yee v Panousopoulos, 176 AD3d at 1145; Vollbrecht v Jacobson, 40 AD3d 1243, 1246-1247; cf. Estate of Becker v Murtagh, 19 NY3d at 82).
However, the defendant demonstrated her prima facie entitlement to judgment as a matter of law dismissing the slander of title cause of action insofar as asserted against her (see Fink [*3]v Shawangunk Conservancy, Inc., 15 AD3d 754, 756), and the plaintiffs failed to raise a triable issue of fact in opposition.
Accordingly, the Supreme Court properly denied those branches of the plaintiffs' cross motion which were for summary judgment on their first and second causes of action, denied those branches of the defendant's motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against her and on the counterclaim, and granted that branch of the defendant's motion which was for summary judgment dismissing the third cause of action insofar as asserted against her.
DILLON, J.P., IANNACCI, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court