Tedesco v Elio (2022 NY Slip Op 07472)

Tedesco v Elio

2022 NY Slip Op 07472

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2019-09908
2020-00522
 (Index No. 500718/17)

[*1]David Tedesco, et al., respondents,
v
Andrew Elio, appellant.

Jonathan Rosenberg, PLLC, Brooklyn, NY, for appellant.
Craig T. Bumgarner, P.C., Carmel, NY, for respondents.

DECISION & ORDER
In an action to recover damages for trespass and for injunctive relief, the defendant appeals from (1) a judgment of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated August 14, 2019, and (2) a order of the same court dated December 16, 2019. The judgment, insofar as appealed from, after a nonjury trial, directed the defendant to remove an L-shaped retaining wall from the plaintiffs' property. The order, inter alia, directed the defendant to post an undertaking of $50,000 to insure that the work was completed by July 31, 2020.
ORDERED that the judgment is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from the order is dismissed as abandoned; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
The defendant, in renovating his property, encroached on the plaintiffs' property. The plaintiffs commenced this action to recover damages for trespass and for injunctive relief. The defendant stipulated to removing certain encroachments. However, with respect to an L-shaped retaining wall that encroached 28 inches onto the plaintiffs' property, the defendant contended that he owned the 28-inch encroachment area by adverse possession.
After a nonjury trial, the Supreme Court determined that the defendant failed to prove adverse possession by clear and convincing evidence, and, in a judgment dated August 14, 2019, inter alia, directed the defendant to remove the L-shaped retaining wall at his own expense. The defendant appeals.
To establish a claim of adverse possession, the defendant was required to prove, by clear and convincing evidence, possession that was (1) hostile and under claim of right; (2) actual; (3) open and notorious; (4) exclusive; and (5) continuous for the required period, which is 10 years (see Walling v Przybylo, 7 NY3d 228, 232; Marks v Gaeckle, 199 AD3d 672). Although the evidence adduced at the nonjury trial demonstrated that a retaining wall was present for the statutory 10-year period, and that the retaining wall satisfied the requirements of RPAPL 543, since the encroachment was not de minimus (see Wright v Sokoloff, 110 AD3d 989), the defendant failed to [*2]establish by clear and convincing evidence that the L-shaped retaining wall at issue was located in the same spot—encroaching upon the plaintiffs' property—for the requisite 10-year period. Contrary to the defendant's contention, the plaintiff David Tedesco never testified that the L-shaped retaining wall was 20 years old. Rather, he testified that his survey was 20 years old, and that was why it did not indicate the location of the L-shaped retaining wall.
Accordingly, since the defendant did not establish adverse possession of the 28-inch encroachment area by clear and convincing evidence, the Supreme Court properly directed him to remove the L-shaped retaining wall from the plaintiffs' property.
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court