2832 Linden Blvd. Realty, LLC v Health Ins. Plan of Greater N.Y. (2025 NY Slip Op 00302)

2832 Linden Blvd. Realty, LLC v Health Ins. Plan of Greater N.Y.

2025 NY Slip Op 00302

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2022-08590
 (Index No. 515466/20)

[*1]2832 Linden Boulevard Realty, LLC, appellant,
v
Health Insurance Plan of Greater New York, et al., defendants, New York City Department of Finance, et al., respondents.

Herrick, Feinstein LLP, New York, NY (William R. Fried and Meaghan Roe of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Emily Keyes, Edan Burkett, and John D'Baptist of counsel), for respondents.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to real property and for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Carl J. Landicino, J.), dated December 21, 2021. The order denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants Linden Boulevard Theatres, LLC, New York City Department of Finance, and City of New York.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action pursuant to RPAPL article 15 to quiet title to certain real property (hereinafter the subject property) and for a judgment declaring, among other things, that it was the sole owner of the subject property. The plaintiff owned certain real property located on Ruby Street in Brooklyn (hereinafter the Ruby property), which was a "paper street," and the plaintiff alleged that it also owned the subject property, which was situated between the Ruby property and the centerline of Ruby Street. Thereafter, the plaintiff moved for summary judgment on the complaint insofar as asserted against the defendant Linden Boulevard Theatres, LLC, and the defendants New York City Department of Finance and City of New York (hereinafter together the City defendants). In an order dated December 21, 2021, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"As a general rule, 'when lands described in a conveyance are bounded by a street, highway or road, the conveyance is deemed to pass title to the center of the abutting roadway'" (Marks v Gaeckle, 199 AD3d 672, 674, quoting Bashaw v Clark, 267 AD2d 681, 685; see Margolin v Gatto, 70 AD3d 1014, 1015). "The centerline presumption can be rebutted, however, by a showing that the grantor intended to limit the grant to the edge of the road" (Marks v Gaeckle, 199 AD3d at 674; see Stanley Acker Family L.P. v DePaulis Enters. V, Ltd., 132 AD3d 657, 658; Environmental Props., Inc. v SPM Tech, Inc., 48 AD3d 408, 409). "Every instrument creating [or] transferring . . . an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law" [*2](Real Property Law § 240[3]; see D'Andrea v 3 Unqua Place, LLC, 222 AD3d 830, 830; Deckoff v W. Manning Family L.P., 193 AD3d 812, 814). "Where the language used in a deed is ambiguous such that it is susceptible of more than one interpretation, the courts will look beyond the written instrument to the surrounding circumstances" (Al's Atl., Inc. v Shatma, LLC, 109 AD3d 491, 492; see D'Andrea v 3 Unqua Place, LLC, 222 AD3d at 830).
Here, the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. The deeds in the chain of title described the Ruby property as either extending to the centerline of Ruby Street or bound by the easterly line of Ruby Street. The property descriptions in the deeds therefore did not unequivocally establish that the Ruby property extended to the centerline of Ruby Street. Further, the plaintiff's other submissions in support of its motion failed to eliminate triable issues of fact (see D'Andrea v 3 Unqua Place, LLC, 222 AD3d at 831; Marks v Gaeckle, 199 AD3d at 674; Stanley Acker Family L.P. v DePaulis Enterprises V, Ltd., 132 AD3d at 660).
Since the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied the plaintiff's motion for summary judgment on the complaint insofar as asserted against Linden Boulevard Theatres, LLC, and the City defendants, regardless of the sufficiency of the City defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court