VAN R. SWEZEY, Plaintiff, *v.* ROSALIE P. BERRY, Formerly ROSALIE P. BENNINGTON, Defendant.

Supreme Court, Greene County, March 5, 1932.

*Platner & Whittaker* and *Lester R. Smith,* for the plaintiff.

*John J. McManus,* for the defendant.

FOSTER, J. The plaintiff and defendant own adjoining farms which are situated on the west side of the Hudson river and in the town of New Baltimore, Greene county, N. Y. Locating the farms roughly with relation to each other and the points of the compass, the plaintiff's farm lies north of the defendant's. It is alleged in the complaint that a road, known as the Gorman road, traverses the two farms as a public highway, and the plaintiff seeks judgment that the same is a public highway and to restrain the defendant from obstructing it.

From the testimony it may be fairly inferred that prior to 1857 the Albany and Greene turnpike crossed a portion of both properties and continued to a bridge across a stream known as Sickles creek. In 1857 the bridge was destroyed and was never rebuilt. Thereafter the course of the turnpike was shifted to the west so that it did not cross the properties in question. The proof as to whether the so-called Gorman road is the old turnpike is rather slight, nevertheless I am prepared to find that it follows substantially the same course. Even upon that basis, however, I fail to see how the plaintiff may succeed.

There is no proof as to whether the public ever obtained title

either in fee or by way of easement to that portion of the old highway which is involved here, nor is there any proof as to what title the turnpike company may have possessed at any time during the existence of that portion of the road. Under the general common-law rule it must, therefore, be presumed that the public or the turnpike company possessed merely an easement. If the road was discontinued the fee then would not be in the public but presumptively in the owners of the adjoining land, at least until proof to the contrary has been offered. (Gerard Titles to Real Estate [5th ed.], 839–841, inclusive, and cases therein cited.) No such proof has been offered in this case. While some of the deeds of conveyance refer to parcels bounded on the west by the Albany and Greene turnpike road it is impossible to determine, in the absence of a map made from a survey, the location of such highway with respect to the properties in controversy.

The change of route and the failure to rebuild the bridge across Sickles creek were unequivocal acts of abandonment by the public which cannot be ignored. In addition, and according to the testimony of some of the plaintiff's own witnesses, a building was built across the old road, its course even as now claimed was shifted to the west side of the barn, and even of more significance, it was plowed across and crops were planted over it. The conclusion must be drawn from these facts that in its character as a public highway this road was abandoned many years ago, and on these facts a finding of abandonment may also be sustained under the terms of the statute (Highway Law, § 234). It follows, therefore, under the presumption and the proof in the case that whatever easement the turnpike company or the public had ceased to exist upon abandonment.

The casual use of the so-called road by pedestrians and by the occupants of the premises now owned by the plaintiff to draw farm produce over is not sufficient to establish it as a public highway. It was not worked or recognized by the public authorities as a public highway. The payment of fifty dollars by the town authorities on one occasion to the owner of the plaintiff's premises cannot be accepted as proof that the road was taken over and worked as a public highway. It may be added that this incident has every semblance of being planned for use as evidence, but assuming it to be an innocent transaction its weight, as an isolated incident, is negative after over sixty years of neglect by the public. Some point is made as to the necessity of using this so-called road as a means of access to a cemetery, but the proof presented fails to even approximately locate the situation of such cemetery, or to establish the necessity of such road as a means of access thereto.

In connection with this statement it may also be well to observe at this point that this memorandum is made under very distinct limitations of proof. The failure to provide a map made from a survey of the various properties involved and the failure to furnish proof as to where the original road was laid out and the quantum of title thereto very seriously limits the findings which can be made in this case.

Since under the proof the road in question cannot be found to be a public highway the sole question which remains is whether the proof is sufficient to establish a private easement in favor of the plaintiff by prescription or by implication. The two properties were owned in common by one Gorman within the twenty-year period prior to 1925, the year when this controversy arose. Adverse user could not begin to run until there was a severance of ownership, and hence under this state of facts the proof is insufficient to establish an easement by prescription. With a right by prescription barred the plaintiff then could only have obtained an easement by implication from the situation of the properties as they existed at the time when the common ownership was severed and from the language in the conveyance of severance. With respect to the situation under this claim it might be held that prior to the common ownership by Gorman, and as far back at least as 1872, the road was used at intervals by the occupants of the farm on which the plaintiff now resides, and that such user established an easement in favor of such property as the dominant tenement. Such an easement, if it existed, would be classified as a non-continuous one, requiring for use the intervention of man, as distinguished from that class of continuous easements such as drains, sewers and pipe lines. Upon unity of title such an easement as this would have been extinguished, and would not pass upon severance of the title again, unless the language of the conveyance was sufficient to indicate an intent to grant it, in other words, to create it *de novo*. Such an intent cannot be predicated upon the mere use of the word " appurtenances " in the deed of conveyance. (*Parsons* v. *Johnson*, 68 N. Y. 62.) The conveyance of severance in this case, that is from Gorman to Moore, does not indicate that any such right of way was given. There are reservations as to easements attaching to the property conveyed, but nowhere in the conveyance is there language to indicate the grant of an easement attaching to the property retained. The only exception to this rule applies to rights of way by necessity. Such a right did not exist at the time of this conveyance nor do I understand it is claimed to have existed.

For the foregoing reasons judgment dismissing the complaint, with costs, is directed for the defendant. Submit findings accordingly.