■ PATCO HOMES, INC., Respondent, v SAMUEL ROCHETTI, Appellant. (Action No. 1.) SAMUEL ROCHETTI et al., Appellants, v PATCO HOMES, INC., Respondent. (Action No. 2.)—In two actions to recover damages for breach of contract in which a joint trial was directed, Samuel Rochetti and Frances Rochetti appeal from a judgment of the Supreme Court, Orange County (Isseks, J.), dated August 20, 1986, which, upon the motion of Patco Homes, Inc. (hereinafter Patco) for summary judgment, is in Patco's favor and against Samuel Rochetti in the amount of $19,626.94 in action No. 1, and dismisses the complaint in action No. 2. We treat the notice of appeal from the order dated July 26, 1986 as a premature notice of appeal from the judgment dated August 20, 1986.

Ordered that the judgment is affirmed, with costs.

On November 30, 1983, Patco and Samuel Rochetti, both represented by counsel, entered into a written agreement for the construction of a home on Rochetti's land. With regard to time of occupancy and payment of any balance of the purchase price, paragraph 16 of the agreement provided, in pertinent part: "The Owner [Rochetti] acknowledges and agrees that at such time as * * * Owner shall take possession of same * * * then notwithstanding that the construction provided for hereunder shall not be fully or satisfactorily completed by the Builder, the unpaid balance hereunder shall be immediately due and payable without offset or defense and all such claims by the Owner which might otherwise have been imposed as an offset or defense to the balance due hereunder shall be conclusively deemed to have been waived by the Owner".

Paragraph 16 further provides that in the event Rochetti took "possession of the premises without having paid the balance due * * * [he] shall be conclusively deemed in default under this contract".

With regard to any "open" items in the construction, the contract provides a limited remedy to Rochetti, as is set forth in paragraph 16, as follows: "Notwithstanding the foregoing, at the time of the issuance of the Certificate of Occupancy, the parties shall jointly inspect the premises and prepare and sign an agreed-upon punch-list and Builder agrees to complete the installation and repair of such items within thirty (30) days thereafter, weather permitting".

It is undisputed that the Rochettis occupied the home on March 24, 1984, while there was an unpaid balance of the purchase price, and that the certificate of occupancy was issued on October 17, 1984. It is further unrefuted that the Rochettis never notified Patco in writing of any defects or omissions in the construction of the building until Patco commenced action No. 1 to recover the balance of the purchase price. Thereafter, the Rochettis commenced action No. 2 to recover damages for alleged defects and omissions in the construction of the house. The Supreme Court, Orange County, granted summary judgment to Patco for the balance due and dismissed the Rochettis' complaint in action No. 2. We affirm.

The terms of the building contract at issue are clear and unambiguous and should be upheld (see, Teitelbaum Holdings v Gold, 48 NY2d 51; Brooklyn Union Gas Co. v Shields Detective Bur., 121 AD2d 587, lv denied 69 NY2d 610). The contract clearly provides that if the Rochettis took possession of the premises, the balance of the purchase price would "be immediately due and payable without offset or defense" even if the construction were not "fully or satisfactorily completed" and that they shall be "conclusively deemed in default". By these terms, Samuel Rochetti is liable for the balance due without regard to the type of claims the Rochettis raise in action No. 2, and the judgment against the Rochettis was properly granted.

The Rochettis assert that a triable issue has been raised in that they contend that Patco gave them permission to take possession of the house. We disagree. Even assuming that permission was given, there is no allegation by the Rochettis that Patco waived payment in full of the balance of the purchase price by agreeing to early occupancy of the house.

We have examined the Rochettis' remaining contentions and find them to be without merit. Bracken, J. P., Kunzeman, Spatt and Harwood, JJ., concur.