■ Honigsbaum's, Inc., Appellant, v Stuyvesant Plaza, Inc., Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Cheeseman, J.), entered February 6, 1991 in Albany County, which, *inter alia,* denied plaintiff's motion for summary judgment.

Plaintiff leases a 9,500-square-foot retail store in a shopping mall owned by defendant. The January 23, 1988 contract between the parties consists of a 16-page preprinted form lease, supplemented by 14 pages of maps, diagrams and exhib-

its, and a 14-page typewritten rider. On the first page of the form lease, a number of typewritten entries have been made, including the lease date, the name of the lessee, the lease term and, in paragraph 101 (J) entitled "Merchants Association Annual Assessment", the figure $8,550. Contrary to the latter provision, paragraph 1901 of the preprinted form lease provides for payment of annual "Merchants Association dues" equal to 45 cents per square foot of demised premises, which in plaintiff's case would amount to $4,275 per year.

During 1988 and 1989, plaintiff paid the higher assessment provided for in paragraph 101 (J), first on a voluntary basis and then under protest, and in October 1989 commenced this action for a declaration that the dues are payable at the rate of 45 cents per square foot, as provided in paragraph 1901, subject to any increase voted by a majority of the Merchants Association pursuant to paragraph 1903 of the lease. In its answer, defendant asserted a counterclaim seeking a declaration that plaintiff's assessment at the time of the lease was 90 cents per square foot, alleging in support that all Merchants Association members paid the 90-cents-per-square-foot dues provided for in paragraph 101 (J) of plaintiff's lease ($8,550 divided by 9,500 square feet), that in negotiating the lease plaintiff had sought and was denied a reduction from the 90-cent rate, and that, through error, the 45-cent figure was not corrected on the preprinted form lease. Plaintiff moved and defendant cross-moved for summary judgment. Supreme Court denied plaintiff's motion and granted defendant's motion, determining that paragraph 101 (J) of the lease controlled. Plaintiff appeals.

Initially, we find no persuasive support in the lease for plaintiff's admittedly ingenious effort at reconciling the two clauses by distinguishing between Merchants Association "dues" and "annual assessment". Clearly, the lease provisions at issue here are totally repugnant to one another, requiring Supreme Court to resolve the resulting ambiguity, if possible *(see, Hudson-Port Ewen Assocs. v Chien Kuo,* 165 AD2d 301, 303, *affd* 78 NY2d 944). Two basic principles of contract interpretation support Supreme Court's determination to credit defendant's construction of the contract, and we accordingly affirm. First, it is fundamental that when, as here, a handwritten or typewritten provision conflicts with the language of a preprinted form document, the former will control, "as it is presumed to express the latest intention of the parties" *(Kratzenstein v Western Assur. Co.,* 116 NY 54, 57; *see, Poel v Brunswick-Balke-Collender Co.,* 216 NY 310, 322;

*Matter of Cale Dev. Co. v Conciliation & Appeals Bd.,* 94 AD2d 229, 233-234, *affd* 61 NY2d 976; 22 NY Jur 2d, Contracts, § 225, at 71). Second, in the case of total repugnancy between two contract clauses, the first of such clauses shall be received and the subsequent one rejected *(see,* 22 NY Jur 2d, Contracts, § 222, at 68).

Mikoll, J. P., Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.