■ MATZEN CONSTRUCTION, INC., Respondent, v HAROLD R. SCHULTZ et al., Appellants, et al., Defendants. [682 NYS2d 483] —Peters, J. Appeal from an order of the Supreme Court (Ferradino, J.), entered February 6, 1998 in Saratoga County, which, *inter alia*, granted plaintiff's cross motion for partial summary judgment.

Plaintiff contracted with defendant Harold R. Schultz (hereinafter Schultz) to construct a warehouse and office building in the Town of Ballston, Saratoga County, for the sum of $576,835. The provisions of the contract were negotiated, including terms dictating when final payment would be due. As one such provision provided that final payment was to be made "within 30 days of completion of the Contract, including punch list items, or upon issuance of certificate of [o]ccupancy, whichever is first", it was contended that full payment was due when the conditional certificate of occupancy was issued on October 3, 1995. After failing to receive final payment by July 1996, plaintiff filed a lien in the amount of $50,216.46, the balance remaining on the contract, against Schultz as the owner of the property. This action was thereafter commenced seeking, *inter alia*, the balance due. By affirmative defense and counterclaim, Schultz alleged a breach of contract by plaintiff

and its subcontractors due to deficiencies in work performed, thus requiring major corrective work.

In August 1997, both Schultz and defendant H.R. Schultz, Inc., its subcontractor (hereinafter collectively referred to as defendants), moved for summary judgment on a counterclaim involving another project not at issue here. Plaintiff cross-moved for partial summary judgment for payment and lien foreclosure against Schultz personally. Defendants opposed the cross motion, claiming that both the deficiency of plaintiff's performance and the existence of a mechanic's lien filed against the property by one of its subcontractors precluded plaintiff's entitlement to the balance due. Supreme Court, *inter alia*, granted plaintiff's cross motion by determining that the express language of the contract required defendants to pay the balance of the contract upon the issuance of the certificate of occupancy. Defendants appeal.[1]

Supreme Court's determination was based upon its conclusion that the following contract provisions were repugnant:

"[3.] (d) Final payment shall be made to the Contractor within 30 days of completion of the Contract * * * or upon issuance of certificate of [o]ccupancy, whichever is first.

"However, if at any time nearing completion of the Contract, the incomplete work of the Contract or the adjusted balance thereof is less than $5,000.00, and the Contractor is unable to do certain work or furnish certain materials, equipment or other services due to change orders * * * or unavoidable contingencies beyond the Contractor's control, the Owner shall pay the Contractor the balance due on the Contract minus 120% of the estimated cost to complete said work. * * *

"7. The final payment shall not be due until the Contractor has delivered to the Owner a complete release of all mechanic's liens of record, if any, arising out of the Contract or an affidavit indemnifying him against any lien."

In finding that paragraph 3 (d) mandated payment upon the completion of the contract or upon the issuance of a certificate of occupancy and that the further contingency detailed by paragraph 7 appears inconsistent therewith, the court rejected paragraph 7 as a clear statement of inconsistency. We disagree.

In following the general rules of construction wherein "[a]ll parts of an agreement are to be reconciled, if possible, in order to avoid inconsistency" (*National Conversion Corp. v Cedar*

---

**1.** Although the notice of appeal indicates that both defendants are appealing, only Schultz perfected the appeal.

*Bldg. Corp.,* 23 NY2d 621, 625), thus avoiding the adoption of any interpretation which would render a term meaningless and without force (*see, A-1 Gen. Contr. v River Mkt. Commodities,* 212 AD2d 897, 899; *cf., Honigsbaum's, Inc. v Stuyvesant Plaza,* 178 AD2d 702), we find no irreconcilable conflict as to when payment is due. Giving the words of the contract their fair and reasonable meaning, final payment was due upon completion of the work or upon the issuance of a certificate of occupancy[2] provided, however, that no mechanic's lien was extant. While it became clear, upon appeal, that all counsel were unaware of the prior satisfaction of outstanding mechanics' liens, a circumstance which we would have found to be a condition precedent to final payment (*see, Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.,* 86 NY2d 685, 690), there exists yet another condition precedent to final payment should incomplete or defective work exceed the stated amount in paragraph 3 (d).

The case of *Patco Homes v Rochetti* (135 AD2d 799) is inapposite since the relevant provisions of that contract contained express language waiving defective performance as a defense to payment. No such express waiver was contained in this contract and the remainder thereof was riddled with mandates that the work conform to identified drawings and specifications. Taken together and reconciled to avoid inconsistency (*see, National Conversion Corp. v Cedar Bldg. Corp., supra*), and considering that Schultz's allegation that the correction of the defects would exceed $50,000 is supported by fact-based affidavits submitted in connection with the motion, we find that these contract provisions constitute a constructive condition precedent to final payment (*see, Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co., supra,* at 690-691). As plaintiff has failed to offer undisputed evidence of having substantially performed the contract so as to entitle it to an award of summary judgment (*see, J.C. Drywall & Accoustical Contrs. v West Shore Partners,* 187 AD2d 564), the cross motion requesting partial summary judgment should have been denied.

Accordingly, we hereby modify the order of Supreme Court by reversing so much thereof as granted plaintiff's cross motion for partial summary judgment and awarded a judgment in the amount of $60,941.94.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs to

---

2. We note that while not raised herein, the contract provides for final payment upon the issuance of a certificate of occupancy and not the issuance of a temporary certificate of occupancy.

defendant Harold R. Schultz, by reversing so much thereof as granted plaintiff's cross motion; cross motion denied; and, as so modified, affirmed.