■ FREDERICK F. BASHAW et al., Respondents, v CYNTHIA A. CLARK, Appellant. [699 NYS2d 533] —Spain, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered July 24, 1998 in Clinton County, which, *inter alia*, granted plaintiffs' motion for partial summary judgment.

This appeal centers on a dispute between plaintiffs and de-

fendant over the ownership of a parcel of real property in the Town of Ausable, Clinton County.* The subject property, consisting of the easterly strip of the abandoned road bed of old Clintonville Road (hereinafter the old road), lies between plaintiffs' property and defendant's property. In 1962, a portion of the old road was by resolution abandoned by Clinton County (hereinafter the County) when it straightened and shifted the road to the west of where it had originally been located and created a new portion of Clintonville Road (hereinafter the new road; *see*, Highway Law § 118-a).

In June 1991, plaintiffs purchased their parcel of property by warranty deed consisting mainly of land situated to the east of the old road, but with the centerline of that abandoned road being the westerly boundary of their property. In May 1995, the County conveyed to defendant the entire abandoned road bed of the old road by quitclaim deed. In October 1995, defendant purchased, by warranty deed, a parcel of real property which includes a piece of land which on its east side abuts the centerline of the old road, according to a corrected deed dated and recorded in October 1996.

After a boundary line dispute arose between the parties, plaintiffs instituted this action pursuant to RPAPL article 15 alleging, *inter alia*, that defendant unjustly claimed right to possession of the entire abandoned roadway pursuant to the May 1995 quitclaim deed from the County. Further, plaintiffs alleged that, in 1995, defendant had wrongfully entered upon plaintiffs' land and erected a split rail fence along the easterly side of the abandoned road bed and built a small building, both within plaintiffs' portion of the abandoned road. Plaintiffs sought a declaration that they are owners in fee of the land upon which defendant's fence and building stood, that is, that they owned the easterly portion of the old road up to the centerline and that the encroaching structures be removed permanently.

Plaintiffs moved for partial summary judgment pursuant to CPLR 3212 (e) on their third, fourth and fifth causes of action. Their premise was that their deed and the deeds of their predecessors in title established that the western boundary of their property was the centerline of the old road. Thus, upon the County's abandonment of the old road—when it shifted the road to the west to create the new road—their fee ownership was no longer encumbered by the prior public easement which

---

* The geographic area within which the parcel is located now constitutes the Town of Ausable which was at one time part of the Town of Peru; where appropriate we will hereinafter refer to them collectively as the Town.

had been extinguished when the road was abandoned. The gravamen of defendant's argument in opposition to plaintiffs' motion was that when the old road was created in 1826 the then-Town did not merely obtain a public easement over the old road but, rather, it obtained fee title to the entire road because the old road was effectively condemned. Consequently, according to defendant, the 1995 quitclaim deed from the County—as successor in title to the Town—passed to her fee title to the entire road.

The key issue herein is whether the Town had acquired a public easement over the old road which would revert back to the landowners and their successors upon abandonment of the road, as plaintiffs argue, or whether the Town acquired fee title to the road pursuant to condemnation, as defendant contends. If the Town obtained only a public easement, the Town did not possess fee title and the County's conveyance to defendant—as successor in title to the Town—by quitclaim deed was worthless; if so, the abandonment of the road in 1962 would have resulted in the possessory rights to the easterly half of the old road reverting to plaintiffs' predecessors in title, while the westerly half would have reverted back to defendant's predecessors in title. By contrast, if the Town had acquired the old road by grant or condemnation, thus acquiring fee title over the entire road, the 1995 quitclaim deed would have conveyed fee title to the entire road to defendant.

On this central issue Supreme Court, in a well-reasoned decision, held that there was no evidence that the Town or the County had ever acquired the old road by grant. The court also noted that the portion of the old road in dispute appeared to already exist as a road in 1826 when it was declared to be a public highway and, notably, there is no proof in the record that compensation was ever paid by the Town for the land and no other proof was submitted by defendant of the alleged condemnation of the road. Supreme Court held that the evidence submitted by defendant to prove a condemnation was insufficient and, thus, that the old road was a public easement; as such, the County did not have an ownership interest in the old road in 1995 when it delivered the quitclaim deed to defendant. Accordingly, the court granted plaintiffs' motion for partial summary judgment, dismissed defendant's affirmative defenses based on the quitclaim deed and declared plaintiffs' property line to be the centerline of the old road. Defendant now appeals from the judgment entered on Supreme Court's decision.

We affirm. In response to plaintiffs' motion for summary

judgment defendant submitted, *inter alia*, copies of several documents including an 1813 Act of the State Legislature (L 1813, ch 33) and a portion of an 1816 Act of the Legislature (L 1816, ch 43), both of which relate to the creation of public highways in New York. Defendant also submitted maps and deeds and a document recorded in 1826. The recorded document reflects that in 1826 the Commissioners of Highways of the Town declared the relevant portion of the old road to be a public highway using the following language: "We the Commissioners of Highways having viewed the ground and think it necessary that a road be laid out commencing about one hundred rods west of this Village of Clintonville from thence northardly and westardly *as the road now runs* to the Arnold ore bed we therefore direct the same recorded as a public highway" (emphasis supplied).

It is settled law that when the language of a statute or other act of a governmental body providing for the acquisition of land for use as a highway will support "a construction which will leave the fee in the landowner, that construction will be preferred" (*Mott v Eno*, 181 NY 346, 363). However, "[t]he law will not, by construction, effect * * * a grant of a greater interest or estate than was essential to the public use for which the grant was sought" (*Bradley v Crane*, 201 NY 14, 25). Moreover, "[i]n the absence of a statute expressly providing for the acquisition of the fee, or of a deed from the owner expressly conveying the fee, when a highway is established by dedication or prescription, or by direct action of the public authorities, the public acquires merely an easement of passage, the fee title remaining in the landowner" (64 NY Jur 2d, Highways, Streets, and Bridges, § 216, at 562; *see, Appleton v City of New York*, 219 NY 150; *Fanning v Osborne & Co.*, 102 NY 441). Furthermore, the absence of a provision for compensation in legislation creating a public highway is itself evidence that only an easement was acquired (*see, Bradley v Crane, supra*, at 19). ·

A careful review of all of the documents submitted by defendant confirms that they do not support the conclusion that the 1826 instrument—declaring the public highway—effected the taking of fee title to the old road by grant, condemnation or any other type of acquisition which would vest title to the road in the Town. Defendant's assertion that the 1826 instrument was a condemnation, i.e., an eminent domain acquisition, is not supported anywhere in the record. Significantly, there is no mention of condemnation or compensation in the instrument. In our view, the Commissioners were merely declaring an existing road—as evidenced by the words "as the road now runs"—

to be a public highway. Supreme Court properly concluded that defendant's proof fell short of establishing a grant or a condemnation of the old road and, thus, that only a public easement was created. Consequently, the County was not the fee owner of the old road at the time it delivered the quitclaim deed to defendant because when the road was realigned in 1962, the County abandoned the old road, thereby extinguishing the public easement created in 1826. At that point, full unencumbered title to the lands beneath the old road reverted to the original owners of the land and their successors in interest, the fee to the land designated for highway use having remained in the owners (see, Appleton v City of New York, 219 NY 150, 165-166, supra; see also, Gosstol Realty Corp. v Gillman, 224 App Div 63; Swezey v Berry, 143 Misc 372). This conclusion is supported by a 19th century treatise on New York law relating to highways, which states as follows: "A highway is nothing but an easement, comprehending merely the right of all the individuals in the community to pass and repass, with the incidental right of the public to do all acts necessary to keep it in repair. This easement does not comprehend any interest in the soil nor give the public the legal possession of it. The owner of the land over which a highway passes retains the fee and all rights of property not incompatible with the public enjoyment, and whenever the highway is abandoned, recovers his original unincumbered dominion" (Cook, Manual of the Highway Laws of the State of New York, ch XVII, at 250 [1870]).

Finally, we reject defendant's argument that plaintiffs' title and property rights do not extend to the center of the old road because prior deeds in plaintiffs' chain of title did not mention that the property conveyed to plaintiffs extended to the center of the old road. It is well settled that when lands described in a conveyance are bounded by a street, highway or road, the conveyance is deemed to pass title to the center of the abutting roadway unless the conveyance reflects an intent of the grantor to limit the grant to the edge of the road (see, City of Albany v State of New York, 28 NY2d 352, 356). Here, we find no language in any of the title instruments before us which suggests that either party's predecessors in title intended to limit the extent of their conveyances only to the edge of the old road. Accordingly, Supreme Court correctly declared that the westerly boundary of plaintiffs' property extends to the centerline of the old road.

We have considered defendant's remaining contentions and find them to be without merit.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.

