■ In the Matter of STEPHEN E. DESOTELLE et al., Appellants, v TOWN BOARD OF THE TOWN OF SCHUYLER FALLS, Respondent. [754 NYS2d 457] —Mugglin, J. Appeal from a judgment of the Supreme Court (Dawson, J.), entered November 13, 2001 in Clinton County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, inter alia, compel respondent to maintain Pine Tree Drive as a town road.

In this proceeding, it is undisputed that in October 1964, persons named Todd conveyed to the Town of Schuyler Falls, Clinton County, the fee simple absolute title in a strip of land 50 feet in width and approximately 1,162 feet in length to be known as Pine Tree Drive. By resolution adopted at their November 9, 1964 meeting, respondent adopted a resolution "that we accept a deed from Jack Todd for a 50 foot right of way for a highway known as 'Pine Tree Drive'." It is further undisputed that the Town Superintendent of Highways did not lay out, construct or open a highway on this strip of land. Petitioners, who own property abutting Pine Tree Drive, commenced this proceeding to, inter alia, compel respondent to maintain this as a town road.

We have previously held that "[a] highway or street located within the geographical limits of a town may become a town highway either by dedication or use" (*Matter of Hillelson v Grover*, 105 AD2d 484, 485). Dedication, in turn, requires absolute relinquishment to public use by the owner, acceptance and a formal opening (*see Niagara Falls Suspension Bridge Co. v Bachman*, 66 NY 261, 269). Moreover, the Court of Appeals has further determined that use by the public is insufficient to

establish property as a public highway absent some showing that the property was in fact "kept in repair or taken in charge" by public authorities (*People v Brooklyn & Queens Tr. Corp.*, 273 NY 394, 400). Here, although there was a deeded conveyance of the subject strip of land to the Town and a resolution by respondent accepting the deed, there is no record evidence of any subsequent action by the Town to improve, repair or maintain the strip. Nor is there any evidence that the Town actually adopted it as a public highway. Further, in our view, inclusion of Pine Tree Drive on the tax map of the County and on the Town's inventory of town highways, the granting of subdivision applications, building permits and certificates of occupancy and the taxation of the parcels as if they abutted a public highway are all inadequate to establish Pine Tree Drive as a public highway.

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.