C. Lance Margolin, Respondent, v Frank L. Gatto et al., Defendants/Third-Party Plaintiffs-Respondents. Incorporated Village of Farmingdale, Third-Party Defendant/Fourth-Party Plaintiff-Appellant; Martin J. Bowe, Jr., et al., Fourth-Party Defendants-Respondents. [895 NYS2d 501]—

In an action to quiet title to certain real property situated on a "paper" road, designated as Taylor Road, in Farmingdale, the third-party defendant/fourth-party plaintiff Incorporated Village of Farmingdale appeals from (1) an order of the Supreme Court, Nassau County (Martin, J.), entered June 19, 2008, which granted the separate motions of the plaintiff, the defendants/third-party plaintiffs, and the fourth-party defendants for summary judgment declaring that those parties are each, respectively, the lawful owners of relevant portions of the real property and denied its cross motion for summary judgment declaring that it is the lawful owner of the real property, and (2) a judgment of the same court entered October 21, 2008, which, upon

the order, declared that the plaintiff, the defendants/third-party plaintiffs, and the fourth-party defendants are each, respectively, the lawful owners in fee simple absolute of the portions of the subject real property that abut their respective deeded parcels, from the point at which the corresponding portion of the subject real property abuts their respective deeded parcels to the midpoint of Taylor Road, and declared that the third-party defendant/fourth-party plaintiff had no interest in that real property.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed, with one bill of costs payable to the defendants third-party plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In dispute in this action to quiet title is the ownership of the land beneath Taylor Road (also known as Uwanta Place), a "paper" road approximately 50 feet wide and 125 feet long, running from north to south, and located in the Village of Farmingdale. Taylor Road was first depicted on a map filed in 1911 in the office of the Nassau County Clerk by Amos G. Sullivan. All of the parties to this action are in agreement that Taylor Road was never opened or worked upon and, in 1917, ceased to be a public highway by operation of Highway Law § 205 (1). Between 1920 and 1923, Amos G. Sullivan deeded all of the parcels bordering Taylor Road to other persons. In 1948 Norman Sullivan and George Sullivan executed a quitclaim deed conveying, to the Village, whatever interest they possessed in Taylor Road. The Supreme Court determined that Amos G. Sullivan conveyed all of his interest in Taylor Road when he deeded the adjacent properties between 1920 and 1923, and that the 1948 quitclaim deed conveyed no interest in any real property to the Village. We agree.

Contrary to the Village's contention, the fact that a dedicated "paper" road has ceased to be a public highway by operation of Highway Law § 205 (1) does not preclude operation of the long-standing common-law presumption that, "when lands described in a conveyance are bounded by a street, highway or road, the conveyance is deemed to pass title to the center of the abutting roadway unless the conveyance reflects an intent of the grantor to limit the grant to the edge of the road" (*Bashaw v Clark*, 267

AD2d 681, 685 [1999]; *see Bissell v New York Cent. R.R. Co.*, 23 NY 61, 64 [1861]). Here, the deeds executed by Amos G. Sullivan between 1920 and 1923 alienated all of his interest in Taylor Road. The deeds either explicitly conveyed title to the center line of the road, or contained no language limiting the conveyance to the edge of the road, thus giving rise to a presumption that the tender of the deeds conveyed title up to the center of the road. Thus, since the entire parcel in dispute had been alienated by Amos G. Sullivan no later than 1923, the 1948 quitclaim deed conveyed no interest in any real property to the Village. Accordingly, the Supreme Court properly declared, among other things, that the Village has no interest in the subject property.

The Village's remaining contention is without merit. Fisher, J.P., Florio, Belen and Hall, JJ., concur. **[Prior Case History: 2008 NY Slip Op 31741(U).]**