Egan Jr., J.
Appeal from a judgment of the Supreme Court (Aulisi, J.), entered March 24, 2011 in Warren County, which, in an action and action pursuant to RPAPL article 15, among other things, declared plaintiff to be the owner in fee simple absolute of certain real property.
Defendant Francis W Landry (hereinafter defendant) is the surviving owner of four adjacent parcels of land in what is known as the Melview Heights subdivision in the Town of Lake George, Warren County. Lot Nos. 31, 32 and 33 — as depicted on the relevant subdivision maps — were acquired by defendant and his spouse in 1964, and lot No. 34 was acquired by defendant in 1972. All of these lots abut and are located at the southern terminus of Beatty Road, a dead-end road that lies generally east of the subject parcels. Beatty Road was dedicated to plaintiff by the estate of Frederic Meldola in 1973,[1] and plaintiff adopted a resolution formally accepting Beatty Road as a town road in 2009.
In the interim, during the winter of 2005, plaintiff learned that defendant was storing a boat at the end of Beatty Road, which — according to plaintiff’s highway superintendent— impeded snow removal operations. Defendant refused to remove the boat, claiming that his property extended to the center line of Beatty Road. Plaintiff thereafter commenced this action pursuant to RPAPL article 15 seeking a declaration that it is the fee owner of Beatty Road or, alternatively, that Beatty Road became a town road by use (see Highway Law § 189). Following joinder of issue, plaintiff moved for summary judgment and defendant cross-moved for similar relief. Supreme Court denied these motions — without prejudice to renew — upon procedural *1221 grounds and directed that all remaining property owners along Beatty Road be joined as necessary parties. Following service of amended pleadings, plaintiff again moved for summary judgment, and defendant cross-moved for summary judgment dismissing the complaint.[2] Supreme Court denied the parties’ respective motions as to plaintiffs Highway Law § 189 claim, finding questions of fact as to plaintiffs use and maintenance of Beatty Road during the relevant time period. Supreme Court nonetheless granted plaintiffs motion for summary judgment and declared that it was the fee owner of Beatty Road, finding that Beatty Road was a town road by dedication. Defendant now appeals.
We affirm. “A highway or street located within the geographical limits of a town may become a town highway or street either by dedication or use” (Matter of Hillelson v Grover, 105 AD2d 484, 485 [1984]). Dedication, which “is essentially of the nature of a gift by a private owner to the public” (Romanoff v Village of Scarsdale, 50 AD3d 763, 764 [2008] [internal quotation marks and citations omitted]), requires “a complete surrender to public use of the land by the owners, acceptance by the town, and some formal act on the part of the relevant public authorities adopting the highway, or use by the public coupled with a showing that the road was kept in repair or taken in charge by public authorities” (Perlmutter v Four Star Dev. Assoc., 38 AD3d 1139, 1140 [2007] [internal quotation marks and citations omitted]; see Romanoff v Village of Scarsdale, 50 AD3d at 764; Matter of Desotelle v Town Bd. of Town of Schuyler Falls, 301 AD2d 1003, 1003-1004 [2003]).
Here, in support of its motion for summary judgment, plaintiff tendered the 1973 deed from Meldola’s estate conveying, among other things, such land “known and designated” on the 1949 subdivision map drawn by Meldola as Beatty Road for “street purposes.” Plaintiffs Town Board adopted a resolution formally accepting Beatty Road as a public highway in August 2009,[3] and even defendant acknowledges that plaintiff began plowing Beatty Road in January 2005 and graded a portion thereof later *1222 that year.[4] Such proof, in our view, is more than sufficient to establish that plaintiff acquired title to Beatty Road by dedication (see Romanoff v Village of Scarsdale, 50 AD3d at 764-765; Perlmutter v Four Star Dev. Assoc., 38 AD3d at 1140-1141; compare Matter of Desotelle v Town Bd. of Town of Schuyler Falls, 301 AD2d at 1004), thereby shifting the burden to defendant to raise a question of fact in this regard.
Although conceding that his interest in lot Nos. 32, 33 and 34 ceases at the westerly edge of Beatty Road (as per the express terms of the relevant deeds), defendant nonetheless contends that his interest in lot No. 31, which is “bounded on the east by Beatty Road,” extends to the center line thereof. According to defendant, this latter conveyance demonstrates that Meldola did not retain rights to the road bed itself and, therefore, could not validly dedicate Beatty Road to plaintiff. Defendant’s argument on this point, however, is belied by a complete reading of the 1964 deed conveying lot Nos. 31, 32 and 33 to him.[5]
Generally speaking, “when lands described in a conveyance are bounded by a street, highway or road, the conveyance is deemed to pass title to the center of the abutting roadway unless the conveyance reflects an intent of the grantor to limit the grant to the edge of the road” (Bashaw v Clark, 267 AD2d 681, 685 [1999]; accord Margolin v Gatto, 70 AD3d 1014, 1015 [2010]; see City of Albany v State of New York, 28 NY2d 352, 356 [1971]). This presumption, however, is not inflexible and “must yield to language which shows an intent on the part of the grantor to exclude from his [or her] conveyance title to the bed of an abutting street, and to limit such title to the exterior lines thereof” (Matter of City of New York, 209 NY 344, 347 [1913]; see City of Albany v State of New York, 28 NY2d at 356; Environmental Props., Inc. v SPM Tech, Inc., 48 AD3d 408, 409 [2008]; Lehrman v Lake Katonah Club, Inc., 18 AD3d 514 [2005], lv denied 6 NY3d 706 [2006]).
Here, lot No. 31 indeed is described as being “bounded on the east by Beatty Road” and, standing alone, such description arguably would bring the conveyance thereof within the purview *1223 of the foregoing presumption. Lot No. 31, however, was not conveyed in isolation; rather, lot Nos. 31, 32 and 33 were conveyed in a single deed — one that expressly limited two of the three conveyances contained therein to “the westerly bounds of a right of way” (lot No. 32) or “the westerly bounds of Beatty Road” (lot No. 33) and, further, granted defendant a “right of ingress and egress over and along a right of way 50 feet wide . . . called the Beatty Road” (compare Margolin v Gatto, 70 AD3d at 1016; Bashaw v Clark, 267 AD2d at 683). Additionally, all three parcels — each described as a rectangular lot measuring 50 feet by 100 feet — are identified by subdivision lot numbers, and the description for lot No. 31 makes express reference to the 1927 subdivision map drawn by Meldola (see Environmental Props., Inc. v SPM Tech, Inc., 48 AD3d at 409-410). Under these circumstances, it would defy both well-established principles of deed construction (see generally Mott v Mott, 68 NY 246, 253 [1877]; Andersen v Mazza, 258 AD2d 726, 727 [1999]) and logic to interpret defendant’s deed as fixing the eastern boundaries of these three adjacent parcels in the inconsistent fashion he now urges — namely, placing the eastern boundary of lot Nos. 32 and 33 at the western edge of Beatty Road while placing the eastern boundary of lot No. 31 in the middle of Beatty Road. Accordingly, we conclude that defendant failed to raise a question of fact sufficient to defeat plaintiff’s motion for summary judgment.[6]
Peters, P.J., Mercure, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.

. Meldola was one of the original grantors/developers of the subdivision.

. None of the remaining defendants have appeared in this action.

. Plaintiffs delay in accepting the dedication — although admittedly significant — is not fatal, as the mere “lapse of time does not extinguish an offer of dedication, which may be accepted at any time prior to a valid revocation by all interested parties” (Underhill Ave. Corp. v Village of Croton-on-Hudson, 82 AD3d 963, 965 [2011]; see Romanoff v Village of Scarsdale, 50 AD3d at 764; London v City of Binghamton, 79 AD2d 810, 811 [1980]). As there is no indication that any such revocation occurred here, plaintiffs acceptance was entirely valid.

. To be sure, the record contains conflicting proof as to plaintiffs maintenance of the road during the 10-year period that would be required to obtain title by use under Highway Law § 189. However, as noted previously, defendant concedes that plaintiff “commenced plowing the road” in January 2005 — an acknowledgment echoed by other landowners in the subdivision who submitted affidavits on defendant’s behalf.

. Although defendant makes much of the fact that the record does not contain complete chains of title for either the parcels in question or the remaining subdivision lots, we do not deem any omission in this regard to be fatal to plaintiffs motion.

. As we are satisfied that defendant’s deed — on its face — evidences an intent to limit the underlying conveyances to the western edge of Beatty Road, resort to the extrinsic evidence contained in the record is both unnecessary and inappropriate. We note in passing, however, that were we to deem the deed to be ambiguous and, therefore, consider such documents (see Eliopoulous v Lake George Land Conservancy, Inc., 50 AD3d 1231, 1232 [2008]), our conclusion as to plaintiffs entitlement to summary judgment would not be altered thereby.