*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 8, 2015                    519001
_____

In the Matter of PETER JASINSKI
    et al.,
                        Respondents-
                        Appellants,

        v                                    MEMORANDUM AND ORDER

HUDSON POINTE HOMEOWNERS
    ASSOCIATION, INC., et al.,
                        Appellants-
                        Respondents.
_____

Calendar Date:  November 13, 2014

Before:  Peters, P.J., Lahtinen, Garry, Rose and Egan Jr., JJ.

_____

        Bond, Schoeneck & King, PLLC, Albany (Arthur J. Siegel of
counsel), for appellants-respondents.

        Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Leah
Everhart of counsel), for respondents-appellants.

_____

Peters, P.J.

        Cross appeals from a judgment of the Supreme Court (Muller,
J.), entered August 28, 2013 in Warren County, which, in a
combined proceeding pursuant to CPLR article 78 and action for
declaratory judgment, among other things, partially granted
petitioners' motion for partial summary judgment.

        In 1999, petitioners purchased a home in a planned unit
development in the Town of Queensbury, Warren County and, in
doing so, became members of respondent Hudson Point Homeowners
Association, Inc. (hereinafter the HPHA).  Prior to petitioners'

purchase, Hudson Pointe, Inc., one of HPHA's cosponsors, had transferred to the Town land upon which the development's roads were constructed. The transferred property included a strip of land approximately 11 feet wide on either side of Hudson Pointe Boulevard, which borders petitioners' property.

Commencing in 2004, petitioners displayed a single political sign on this strip of Town land for part of each year. In 2008, HPHA, through its Board of Directors, notified petitioners that such sign violated its Declaration of Protective Covenants, Conditions, Restrictions, Easements, Charges and Liens and that it must be removed. When petitioners refused to comply, the Board established a $5 per day fine against homeowners who violated the Declaration's sign restriction and enforced this sanction against petitioners. Thereafter, in July 2012, the Board filed a $1,070 lien against petitioners' property, based largely on unpaid sign fees.

In response, petitioners commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking, among other things, a declaration that HPHA and respondent members of the Board are without authority to ban their display of political signs, a judgment that respondents acted arbitrarily and capriciously by filing a lien against petitioners' property and an injunction permanently restraining respondents from enforcing or foreclosing on the lien. Following joinder of issue, petitioners moved for summary judgment, respondents cross-moved for summary judgment and Supreme Court, among other things, partially granted petitioners' motion as to their first cause of action, finding that the Declaration did not give respondents the authority to ban political signs. The court also partially granted respondents' cross motion by dismissing that part of petitioners' first cause of action that sought a declaration that the sign restriction does not apply on Town property. Respondents appeal and petitioners cross-appeal, each challenging those parts of Supreme Court's judgment that are adverse to their respective interests.

Respondents contend that, although Hudson Pointe, Inc. dedicated land to the Town for the purpose of maintaining the roads within the development, such dedication was subject to the

restrictive covenants contained in HPHA's Declaration.  Thus, according to respondents, although petitioners' political signs were located on Town property, HPHA maintained the authority to enforce its sign restriction on this public land.  Generally, the process of dedication is "of the nature of a gift by a private owner to the public" (Romanoff v Village of Scarsdale, 50 AD3d 763, 764 [2008] [internal quotation marks and citations omitted]; accord Town of Lake George v Landry, 96 AD3d 1220, 1221 [2012]), and dedication requires, among other things, "absolute relinquishment to public use by the owner" (Matter of Desotelle v Town Bd. of Town of Schuyler Falls, 301 AD2d 1003, 1003 [2003]).  Thus, a town may acquire a road in fee through dedication "when there has been a complete surrender to public use of the land by the owners, acceptance by the town, and some formal act [by public authorities] adopting the highway . . . coupled with a showing that the road was kept in repair or taken in charge by public authorities" (Perlmutter v Four Star Dev. Assoc., 38 AD3d 1139, 1140 [2007] [internal quotation marks and citations omitted]; see Highway Law § 171; Town of Lake George v Landry, 96 AD3d at 1221).

While the record is devoid of evidence of the Town's acceptance of ownership of the roads within the development, the parties do not dispute that the land in question is owned by the Town through dedication.  The 1997 deed conveying certain property within the development from Hudson Pointe, Inc. to the Town, contained in the record, does not explicitly reserve to HPHA or Hudson Pointe, Inc. any interest in the conveyed property.  In the absence of such reservation, respondents lack the authority to enforce HPHA's sign restriction on Town land as a matter of law (see Romanoff v Village of Scarsdale, 50 AD3d at 764; see also Grullon v City of New York, 297 AD2d 261, 263-264 [2002]; Coleman v Village of Head of Harbor, 163 AD2d 456, 457-458 [1990], lv denied 76 NY2d 712 [1990]).  Thus, respondents had no authority to fine petitioners, nor to file a lien against petitioners' property.

Lahtinen, Garry, Rose and Egan Jr., JJ., concur.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted respondents' cross motion and partially denied petitioners' motion as to the first cause of action seeking a declaration that respondents' sign restriction does not apply to property of the Town of Queensbury, Warren County; cross motion denied to that extent, motion granted to that extent, partial summary judgment awarded to petitioners on that part of the first cause of action, it is declared that respondents' sign restriction does not apply to Town property, respondents are enjoined from enforcing the lien on Town property and said lien is vacated; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court