### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  October 22, 2015                     520017
_____

JOSEPH E. LAMM et al.,
                    Respondents,
        v                                     MEMORANDUM AND ORDER

MARGARET M. MAUSER et al.,
                    Appellants,
                    et al.,
                    Defendants.
_____


Calendar Date:   September 8, 2015

Before:   McCarthy, J.P., Egan Jr., Rose and Clark, JJ.

                    _____


        Corrigan McCoy and Bush, PLLC, Rensselaer (Scott W. Bush of counsel), for appellants.


                    _____


Egan Jr., J.

        Appeal from an order of the Supreme Court (Muller, J.), entered December 18, 2013 in Essex County, which, among other things, partially granted plaintiffs' motion for partial summary judgment.

        Plaintiffs commenced this action pursuant to RPAPL article 15 seeking to quiet title to a strip of land characterized as an unimproved roadway – measuring 50 feet wide and approximately 900 feet long – located in the Town of Elizabethtown, Essex County. The land surrounding the roadway originally was owned by Herbert Thomas and Marion Thomas.  Over the course of several years, the Thomases conveyed various parcels to Harold Lyons and Rita Lyons, including those identified on the relevant survey map as Parcels I, II, III and IV and a separate parcel denominated as the "Dr.

Lyons Cottage Lot" (hereinafter the cottage lot).[1]  Rita Lyons, in turn, conveyed the aforementioned parcels to defendants Margaret M. Mauser and Kristen Smith (hereinafter collectively referred to as defendants) in 2006.  In addition to the noted transfer, the Thomases also conveyed a parcel – identified as Lot 2 – to their daughter, defendant Marion Auidi who, in 2003, transferred this lot to plaintiffs.  According to the relevant maps and deeds, the unimproved roadway in question is bordered by Parcel I and the cottage lot to the east and Parcels II and III, as well as Lot 2, to the west.

In 2011, plaintiffs commenced this action against, insofar as is relevant here, defendants and Auidi seeking, among other things, a declaration that plaintiffs are the owners of the unimproved roadway.  Following joinder of issue, Auidi moved to dismiss the complaint for failure to state a cause of action, and plaintiffs cross-moved for, among other things, partial summary judgment as to their first cause of action and defendants' second and third affirmative defenses – all of which pertained to establishing the parties' ownership interests in the roadway. Insofar as is relevant here, Supreme Court partially granted plaintiffs' cross motion, finding, among other things, that plaintiffs owned "the entire roadbed that is [located] north of the north[]west corner of the [cottage lot]" as depicted on survey map No. 2416.  As to that portion of the roadway bordering the cottage lot itself, Supreme Court found that, pursuant to the terms of the 1959 deed from the Thomases to the Lyonses (and the map attached thereto), defendants' predecessors in title (and, by implication, defendants) owned to the center line of the unimproved roadway "to the north outlet of their semi[]circular driveway."  Hence, as to the portion of the roadway abutting the cottage lot, Supreme Court concluded that plaintiffs owned only "the western side of the [roadway] to the center line [there]of."

---

[1]  The western boundary of the cottage lot – measuring 184.05 feet in length – is bisected by a semicircular driveway, and approximately three quarters of the cottage lot's western border lies between the northern and southern outlets of this driveway.

Defendants now appeal.[2]

Although Supreme Court did not expressly accord defendants any affirmative relief, the court nonetheless essentially concluded that defendants owned to the center line of the unimproved roadway from the southwest corner of the cottage lot to the point where the northern outlet of their driveway intersected the roadway — a distance encompassing, as noted previously, approximately three quarters of the length of defendants' western boundary line. Defendants argue on appeal that Supreme Court erred in finding that their interest in the unimproved roadway terminated at the northern outlet of their driveway, contending instead that they own to the center line of such roadway insofar as it abuts the entire 184.05 feet of their western boundary line.[3] We agree.

Consistent with the provisions of Real Property Law § 240 (3), "every instrument creating or transferring an estate in real property must be construed in accordance with the parties' intent, which is to be gathered from the instrument as a whole and must be consistent with the rules of law" (Andersen v Mazza, 258 AD2d 726, 727 [1999]). Where, as here, the "lands described in a conveyance are bounded by a street, highway or road, the conveyance is deemed to pass title to the center of the abutting roadway unless the conveyance reflects an intent of the grantor to limit the grant to the edge of the road" (Town of Lake George v Landry, 96 AD3d 1220, 1222 [2012] [internal quotation marks and citation omitted]; accord Margolin v Gatto, 70 AD3d 1014, 1015

_____

[2]  Plaintiffs did not file a brief or otherwise appear on this appeal.

[3]  Although defendants did not cross-move for summary judgment, they did request that Supreme Court search the record and determine their ownership interest in the disputed roadway. In any event, given that the parties clearly charted a summary judgment course, this Court may "search the record and grant such judgment where, as here, the nonmoving party is entitled to relief as a matter of law" (Johnson v Zelanis, 113 AD3d 899, 901-902 [2014]).

[2010]).⁴  Should the language of the deed evidence "an intent on the part of the grantor to exclude from his [or her] conveyance title to the bed of an abutting street, and to limit such title to the exterior lines thereof," the general presumption "must yield" (Town of Lake George v Landry, 96 AD3d at 1222 [internal quotation marks and citation omitted]; see Environmental Props., Inc. v SPM Tech, Inc., 48 AD3d 408, 409 [2008]).  Here, inasmuch as the 1959 deed transferring the cottage lot to defendants' predecessors-in-title conveyed "all right, title and interest . . . in and to any streets and roads abutting the . . . described premises to the center lines thereof," there is no question that defendants do in fact own to the center line of the unimproved roadway at issue.  The question remaining is whether, as defendants argue, they own to the center line of the roadway along the entire 184.05 feet of their western property line or, as Supreme Court found, only up to the point where the northern outlet of their driveway intersects that roadway.

Supreme Court based its conclusions in this regard upon the description of defendants' western boundary line as embodied in the 1959 cottage lot deed from the Thomases to the Lyonses and the map attached thereto.  This deed describes the western border of the cottage lot as beginning "at a point in the easterly bounds of the gravel road known as the Cobble Hill Road near its northerly extremity where maintenance by the Town Highway Department ends; said point being marked by a [three-quarter-inch] iron reinforcing rod driven into the ground and said point being the southwest corner of the parcel herein described."  According to the deed, the property line then runs northeast "along the easterly bounds of said road and continuing in an extension of said bounds and crossing the so-called Deep Hollow Pond Brook to a point marked by another [three-quarter-inch] iron rod driven into the ground."  The deed then establishes the northern, eastern and southern boundaries of the cottage lot — as depicted on the attached map — back "to the point or place of beginning."  The map in question also shows the semicircular driveway on the parcel; the southern terminus of the driveway

_____

⁴  The fact that the unimproved roadway is a paper road does not change this analysis (see Margolin v Gatto, 70 AD3d at 1015).

coincides with the southwest corner of the cottage lot, and the northern terminus, lying approximately three quarters of the distance along the 184.05 feet comprising the western border of the cottage lot, coincides with the point at which the Town's maintenance of Cobble Hill Road apparently ended.

Upon reviewing the language of the deed and the attached map, we are satisfied that the deed's reference to the point at which the Town's maintenance of Cobble Hill Road ended is descriptive rather than restrictive; in other words, the deed's reference to this point, as well as its recitation regarding the subsequent extension of "said bounds" across the Deep Hollow Pond Brook, simply provides landmarks or descriptive reference points for the 184.05 feet contained between the two iron pins forming the western border of the cottage lot. To our analysis and reading, nothing on the face of the deed suggests that defendants' "right, title and interest . . . in and to any streets and roads abutting the . . . described premises to the center lines thereof" is limited in the manner found by Supreme Court. As it is clear from the record that defendants own to the center line of the unimproved roadway along the entire 184.05 feet of the western border of their property, they are entitled to a determination to that effect.

McCarthy, J.P., Rose and Clark, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as limited defendants Margaret M. Mauser and Kristen Smith's ownership interest in an unimproved roadway to the eastern half of said roadway up to the northern outlet of the semicircular driveway located on the Dr. Lyons Cottage Lot; said defendants are granted an ownership interest in the eastern half of said roadway along the entire 184.05 feet of the western border of the Dr. Lyons Cottage Lot; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court