Pritzker, J.
 

 Appeal from an order of the Supreme Court (R. Sise, J.), entered June 28, 2016 in Saratoga County, which, among other things, partially granted plaintiff’s motion for summary judgment.
 

 In the late 1960s, Robert Van Patten, a land developer, began the process of developing the “Country Knolls” subdivision in the Town of Clifton Park, Saratoga County. Van Patten filed a subdivision map depicting, as relevant here, a paper street between lots 159 and 161
 
 [1]
 
 that runs to, as depicted on the map, the lands of “Chojnacki.”
 
 [2]
 
 After obtaining subdivision approval, Van Patten developed lot 159 and conveyed it to Charles Lawson and Elaine Lawson. The Lawsons conveyed lot 159 to Terry Lustofin and Andrea Lustofin, who, in turn, conveyed title to defendant Lakshmi Mohan in February 1975. Van Patten also developed lot 161, after which he conveyed title to At-tia Sweillah and Nawal Sweillah. After a series of conveyances, defendant James Crescenzi and his wife eventually obtained title to lot 161 in March 2005.
 
 [3]
 

 In March 2005, Boni Enterprises LLC acquired title to 28.6 acres of undeveloped land that formed part of the lands of “Chojnacki.” A dispute arose with respect to ownership of the paper street when plaintiff’s Planning Board was considering an application filed on behalf of, among others, defendants Larry Boni and Boni Builders, Inc. (hereinafter collectively referred to as the Boni defendants) and Boni Enterprises to develop the Boni parcel and to use the paper street as an access road for the development. In response to conflicting claims of title to the paper street, plaintiff commenced this declaratory judgment action in October 2013, seeking various declarations with respect to the parties’ rights and interests therein. Less than two weeks later, Van Patten’s estate purported to convey title to the paper street to Boni Enterprises. Defendants joined issue and, following the close of discovery, plaintiff moved for summary judgment declaring the rights of the parties with respect to the paper street, and defendants cross-moved for summary judgment requesting similar relief. After considering the record evidence, Supreme Court declared, among other things, that Mohan and Crescenzi are the owners of the portion of the paper street adjoining their properties to the center line thereof. The Boni defendants now appeal, and we affirm.
 

 This dispute distills to an analysis of whether Supreme Court properly declared the rights of each defendant with respect to the paper street and, in particular, that Mohan’s and Crescen-zi’s fee ownership extends to the center line of the paper street. Real Property Law § 240 (3) provides that “[ejvery instrument creating [or] transferring ... an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law” (see Andersen v Mazza, 258 AD2d 726, 727 [1999]). It is well established that, “when lands described in a conveyance are bounded by a street, highway or road, the conveyance is deemed to pass title to the center of the abutting roadway unless the conveyance reflects an intent of the grantor to limit the grant to the edge of the road” (Town of Lake George v Landry, 96 AD3d 1220, 1222 [2012] [internal quotation marks and citation omitted]; see Lehrman v Lake Katonah Club, Inc., 18 AD3d 514, 514 [2005], lv denied 6 NY3d 706 [2006]). “The fact that the unimproved roadway is a paper road does not change this analysis” (Lamm v Mauser, 132 AD3d 1120, 1122 n 4 [2015] [citation omitted]). The presumption of conveyance up to the center line of the street may be rebutted, however, by language which “ ‘shows an intent on the part of the grantor to exclude from his [or her] conveyance title to the bed of an abutting street, and to limit such title to the exterior lines thereof ” (Town of Lake George v Landry, 96 AD3d at 1222, quoting Matter of City of New York, 209 NY 344, 347 [1913]).
 

 Turning first to Mohan’s ownership interest in the paper street, as Supreme Court noted, the deed from Van Patten to the Lawsons—one of Mohan’s predecessors in title—refers merely to the lot number shown on the Country Knolls subdivision map, does not contain a metes and bounds description and does not include language indicating that Van Patten intended to limit the conveyance to the exterior lines of the paper street. The deed to Mohan similarly contains no such language indicating that her predecessors-in-title sought to limit the conveyance (see Bashaw v Clark, 267 AD2d 681, 685 [1999]). Since Mohan’s deed, as well as the deeds in her chain of title, each reference a subdivision map and do not indicate an intent to limit the conveyances to the edge of the paper street abutting parcel 159, Supreme Court properly declared that, as of 1975, Mohan took title to the center line of the paper street abutting her parcel (see Margolin v Gatto, 70 AD3d 1014, 1016 [2010]; Bashaw v Clark, 267 AD2d at 685; compare Environmental Props., Inc. v SPM Tech, Inc., 48 AD3d 408, 409-410 [2008]).
 

 As to Crescenzi’s parcel, however, the issue is not as clear. The deeds in Crescenzi’s chain of title refer to a subdivision map and describe the property in reference to metes and bounds, but do not include language expressly limiting the conveyance to the edge of the paper street. Specifically, the deeds describe the property as starting at the intersection of the property line of lot 163 and Wooddale Drive and proceeding north until the property line curves and heads east. Supreme Court stated in its order that this description “is consistent with the outline of the lot on the subdivision map, which . . . runs along the edge of the paper street,” but went on to conclude that “[t]he deed here is . . . devoid of any indication that [Van Patten] did not intend to convey to the center line.” Although we are mindful of the principle that, “when [a] deed describes the grant as starting at a corner of an intersection, and then running along parallel to or bounding on a street or streets to the beginning point, the grant is limited to the exterior line of the street” (City of Albany v State of New York, 28 NY2d 352, 356 [1971]), we do not construe the language in the deeds in Crescenzi’s chain of title to limit the conveyance to the exterior line of his parcel.
 

 Here, while the deed references a starting point at which the property line commences, such reference, as well as the other language describing that the property line continues “along a curve” to the border of the lands of “Chojnacki,” and, eventually, back to “the point or place of beginning,” simply provides “descriptive reference points” and does not evince an intent to limit the conveyance to the edge of the boundary lines (see Lamm v Mauser, 132 AD3d at 1123). Notably, such reference points were required, as the numeric designation for the Crescenzi parcel, lot 161, was omitted from the subdivision map, thereby making reference to such lot by number impossible, unlike the Mohan parcel, which was properly designated lot 159. Additionally, the deeds in Crescenzi’s chain of title do not make any explicit statements with respect to the paper street. Therefore, Supreme Court properly held that Crescenzi’s property line extends to the center of the paper street abutting his parcel (see Margolin v Gatto, 70 AD3d at 1016; Bashaw v Clark, 267 AD2d at 685; compare Town of Lake George v Landry, 96 AD3d at 1222-1223).
 

 Because the deeds to Mohan’s and Crescenzi’s parcels conveyed title to the center line of the paper street, all of Van Patten’s ownership interest was alienated no later than 2005— when Crescenzi and his wife obtained title to parcel 161 up to the second half of the paper street—and, therefore, the 2013 deed from Van Patten’s estate to Boni Enterprises conveyed no interest in the paper street to Boni Enterprises (see Margolin v Gatto, 70 AD3d at 1016). Further, as the deeds are sufficient on their face to determine whether Van Patten intended to limit the underlying conveyances to the boundary of the paper street, “resort [ing] to the extrinsic evidence contained in the record is both unnecessary and inappropriate” (Town of Lake George v Landry, 96 AD3d at 1223 n 6; see Eliopoulous v Lake George Land Conservancy, Inc., 50 AD3d 1231, 1232 [2008]). Finally, the open dedication
 
 [4]
 
 of the paper street to plaintiff cannot divest Mohan’s and Crescenzi’s fee interest because a future acceptance by plaintiff will result only in an easement in favor of public use, merely encumbering the fee, and a rejection or withdrawal of the dedication will leave the fee unencumbered (see Bashaw v Clark, 267 AD2d at 684). In light of our determination, the remaining contentions have been rendered academic.
 

 McCarthy, J.P., Lynch, Devine and Clark, JJ., concur.
 

 Ordered that the order is affirmed, with one bill of costs.
 

 [1]
 

 . This parcel does not bear a lot designation, but is being referred to as lot 161 since all of the other lots are shown on the map by sequential lot numbers and it is situated between lots 159 and 163.
 

 [2]
 

 . Inclusion of the paper street was a condition of subdivision approval at the time that the subdivision was authorized.
 

 [3]
 

 . The record lacks a complete chain of title for lot 161.
 

 [4]
 

 . The paper street depicted on the subdivision map statutorily constitutes an offer of dedication for highway purposes (see Town Law § 279 [4]), and the dedication offer is not extinguished merely by the lapse of time in accepting the offer (see Town of Lake George v Landry, 96 AD3d at 1221 n 3).